[No. 5310.]

THE BANK OF WOODLAND *v.* JOHN WEBBER ET AL.

| 52 | 73 |
| 80 | 89 |

| 52 | 73 |
| 124 | 343 |

| 52 | 73 |
| 142 | 201 |

PAYMENT OF TAX UNDER DURESS.—Proof that a tax was paid under a written protest before it became delinquent, and before threats were made to sell property for its collection, is not proof that it was paid under duress.

APPEAL from the District Court, Sixth Judicial District, County of Yolo.

The evidence showed that the Bank of Woodland, a corporation, having its place of business at Woodland, Yolo County, was assessed for a municipal tax by the Assessor of the town of Woodland, for the year 1875. Among the property assessed were solvent debts amounting to $166,234. The Tax Collector, on the 29th of September, 1875, requested the bank to pay the tax. Payment, on that part of the tax levied on solvent debts, was made on said day, under a written protest, sufficient in form, delivered to the Collector. The Court found the facts as proved, and among other things found that the tax was paid under protest.

. As a conclusion of law, the Court also found that the plaintiff paid the tax under compulsion, induced by the undue use of the Tax Collector's apparent authority, and that the plaintiff's protest was sufficient in law.

Judgment was rendered for the plaintiff. The defendants moved for a new trial, and assigned as one of the reasons therefor that the evidence showed that the tax was not paid under duress. By the law, the tax did not become delinquent until the first Monday in January, 1876. There was no evidence that a threat had been made to sell property. A new trial having been denied, the defendants appealed from the order.

*J. C. & C. Ball* and *Armstrong & Hinkson,* for the Appellants.

The Act to reincorporate the Town of Woodland, (Stats. 1873–4, p. 559, sec. 8,) declares that the " State laws for the collection of taxes shall, in *all respects,* apply to the collection of the taxes " provided for in said act, and the *first Monday of January* of each year is fixed by the general laws as the time at which the taxes shall become delinquent; and, therefore, this tax could not be delinquent until the first Monday of January, 1876. The law upon this subject will be found in the following sections of the Political Code: sec. 3756, as amended; secs. 3758, 3759, 3760, 3761, 3762, 3764, 3765, 3766, 3767, 3768, 3769, 3771, 3790.

As the tax was not delinquent at the time the same was paid, and there were no threats to sell the real estate mentioned in the complaint, nor power or apparent power to do so, the payment must be regarded as voluntary, and cannot be recovered back. (Dillon on Municipal Corp. 1st ed. sec. 751, and cases cited in note thereto; *Williams* v. *Corcoran,* 46 Cal. 553; *Bucknall* v. *Story,* 46 Cal. 596; *Brumagim* v. *Tillinghast,* 18 Cal. 265; *Taylor* v. *Board of Health,* 31 Pa. St. 73.)

*C. P. Sprague,* for the Respondent.

The tax, if not paid, would be a lien upon the real estate if it became delinquent, (Political Code, sec. 3717) and there was no way by which that lien could be avoided but by paying the whole amount of the tax, as well that which was illegally as that which was legally assessed.

The process of collecting taxes on both real and personal property is by a summary sale of the real estate, the delinquent having no opportunity to establish the illegality of the tax. (Political Code, sec. 3765.)

The Tax Collector's deed would be *prima facie* evidence of the regularity of the proceedings, and a cloud upon the title. (Political Code, sec. 3786.)

By the COURT:

The action is to recover from the defendant as Tax Collector, and from the sureties on his official bond, certain taxes alleged to have been illegal, which were paid under protest, and are claimed to have been paid under legal duress. If the finding as to the duress be conceded to have been sufficient, this finding, on the motion for a new trial, was attacked, on the ground that it was not justified by the evidence. After an examination of the evidence we find none to support this finding, and a new trial should have been granted on this ground.

Judgment and order reversed, and cause remanded for a new trial.