[No. 18285.   Department Two.—September 25, 1894.]

## KINGS COUNTY. RESPONDENT, *v.* J. SUB. JOHNSON, APPELLANT.

KINGS COUNTY—TAX LISTS FOR 1892—TAX COLLECTOR OF TULARE COUNTY —MANDAMUS.—Under section 15 of the act of May 29, 1893, creating Kings county, it is made the duty of the tax collector of Tulare county, upon demand of the tax collector of Kings county, to furnish, assign, and transfer to the latter a complete list of all unpaid taxes assessed and levied during the year 1892, on property within the boundaries of Kings county, and upon his refusal to comply with such demand, he may be compelled by *mandamus* to furnish the list.

ID.—TAXES UNLAWFULLY COLLECTED BY TAX COLLECTOR OF TULARE
COUNTY.—Under that act, after such demand has been made by the tax
collector of Kings county, it is not the duty of the tax collector of Tulare
county to collect any of the unpaid taxes assessed and levied during the
year 1892, on property within the boundaries of Kings county, and if
he does so, he cannot be compelled by *mandamus* to deliver the moneys
so collected to the tax collector of Kings county. In such case the
remedy of Kings county is by an action for money had and received.

ID.—CONSTITUTIONAL LAW—SPECIAL LEGISLATION—TITLE OF ACT.—Section
15 of the said act of May 29, 1893, providing for the collection of taxes
for the year 1892, on property within the boundaries of Kings county,
and as to whom such taxes shall belong, is not unconstitutional because
*the subject matter of the section is not expressed in the title of the act*,
or because it is special legislation.

ID.—JURISDICTION TO ISSUE WRIT OF MANDAMUS.—The superior court may
issue a writ of *mandamus* to run out of the county, or to be executed
out of the county in which the court is held, and there is nothing in
section 5 of article VI of the constitution restricting the jurisdiction of
the court in this particular to the county in which it is held.

APPEAL from a judgment of the Superior Court of
Kings County.

The facts are stated in the opinion.

*Bradley & Farnsworth*, for Appellant.

*M. L. Short*, for Respondent.

TEMPLE, C.—This is an appeal from a judgment
awarding a peremptory writ of mandate, entered upon
an order overruling a demurrer to the petition—the
defendant declining to answer.

The petition shows that defendant was and is tax col-
lector of Tulare county, the affiant being tax collector
of Kings county. That Kings county was created May
29, 1893. That the fifteenth section of the act creating
the county reads as follows:

"SEC. 15. It shall be the duty of the tax collector of
the county of Tulare, upon the demand of the tax col-
lector of the county of Kings, to furnish, assign, and
transfer to the tax collector of the county of Kings a
complete list of all unpaid taxes assessed and levied
during the year eighteen hundred and ninety-two, on
property within the boundaries of the county of Kings.

The tax collector of the county of Tulare shall file a duplicate list of such unpaid taxes assessed within the boundaries of the county of Kings with the county auditor of Tulare county. The tax collector of the county of Kings shall give to the tax collector of the county of Tulare a receipt for said list of said unpaid taxes and shall file a duplicate list with the auditor of the county of Kings, and thereupon all such unpaid taxes shall become payable to the tax collector of the county of Kings, and he is hereby authorized to collect and receipt for the same."

June 29, 1893, affiant, as tax collector of Kings county, demanded from defendant that, as tax collector of Tulare, he furnish, assign, and transfer to said affiant a complete list of the unpaid taxes assessed and levied during the year 1892 on property within the boundaries of the county of Kings; that defendant utterly refused so to do, but on the contrary proceeded to collect such unpaid taxes to the amount of thirteen hundred dollars, which he now holds in his possession and refuses to deliver to the tax collector of the county of Kings. Wherefore, petitioner demands a writ of mandate commanding said defendant to furnish such list.

An alternate writ was issued commanding defendant, as tax collector of Tulare county, to furnish such list and to deliver to affiant, tax collector of Kings county, all taxes collected by said tax collector within the boundaries of Kings county since the formation of such county, or show cause, etc.

On the return day defendant demurred to the petition on two grounds: 1. It appeared that the court had no jurisdiction to issue the writ; 2. Insufficiency of facts.

The demurrer was overruled, and defendant declined to answer. Thereupon judgment was entered awarding a peremptory mandate in the terms of the alternate writ.

I know of no warrant for that portion of the mandate which commands defendant to pay to the tax collector of Kings county moneys which defendant has collected

from the taxpayers of Kings county. The act of the legislature contains no authority on the part of the tax collector of Kings county to demand or receive such money. It does not authorize the tax collector of the county of Tulare to collect any taxes for the county of Kings; in fact, by implication, it prohibits any collections on his part in the county of Kings after the demand provided for has been made by the tax collector of Kings county.

Nor do I see any right which the county of Kings can assert to taxes collected by the tax collector of Tulare prior to the demand. The lien of the taxes for the year 1892 had already attached, and unless the legislature saw fit to provide otherwise, such taxes due upon property situated in that portion of the former county of Tulare which was set off to the new county was collectible by the tax collector of Tulare. The only provision made in regard to the matter is, that upon demand the unpaid taxes in that portion set off to the new county shall be transferred to the new county, and may be collected by the tax collector of Kings. There is no language which would seem to imply that any taxes collected prior to the demand, and since the creation of the new county, shall belong to the new county. On the contrary, the law requires the tax collector of Tulare to pay over each month all taxes collected by him, and I do not see what defense defendant could make to an action on the part of Tulare to compel him to pay into the treasury all taxes collected prior to such demand.

But *mandamus* cannot serve the purpose of an action for money had and received. It can only compel the performance of a duty enjoined by law. The act imposes no duty upon the tax collecter of Tulare to the county of Kings, or in which that county is interested, except his duty to furnish the list of unpaid taxes.

He has by his wrongful act come into the possession of money which belongs to Kings county. At least, either such is the case or his collection is void, and the

taxpayers still owe the tax. He can probably be made to pay it to the county of Kings. But it is not due to the tax collector of the county of Kings, nor can the payment be compelled by *mandamus*.

But I think the tax collector of Tulare may be compelled by *mandamus* to furnish the list provided for. Here the act imposes a plain duty in regard to which the officer had no discretion.

It is contended, however, that section 15 is unconstitutional because the subject matter of the section is not expressed in the title of the act, and because it is special legislation.

I do not think either objection can be sustained.

It is admitted that the legislature has the power to provide for the organization of new counties; that this act, so far as it creates the new county, is valid.

Of course, to do this, it must—or at least may—provide in detail for its organization and its working machinery. As its territory must be taken from other counties, such law could naturally provide for a division of the public property, if it must be divided, and for the payment of indebtedness. It would evidently be proper for such law to provide for the collection of the taxes which would become due on property in the new county. The lien of the taxes might attach as here, before the new county would be organized, but the tax in whole or in part be collected afterwards. I see no constitutional objection to a provision in regard to the collection of these taxes, and as to whom they shall belong. It would seem eminently proper that such provision should be made. If entitled to criticise the act under consideration in this respect, I should say it is defective in that it is not sufficiently specific, and does not go far enough.

Now, all these matters, and many others which would naturally be regulated in such an act, are included in the subject expressed in the title of the act. (*Ex parte Liddell*, 93 Cal. 636.)

The title of the act is "An act to create the county of

Kings, to define the boundaries thereof, and to provide for its organization and election of officers, and to classify said county."

All the matters stated in the title constitute but one subject, to wit, the creation of the county of Kings, and section 15 is a natural and logical part of that subject.

This being so, it is not special legislation, except as the creation of a new county is special legislation.

I have so far not noticed the proposition that the court had no jurisdiction to issue the writ. It is argued that the writ cannot be issued to run out of the county, or to be executed out of the county.

The claim is founded upon a construction of section 5, article VI, of the state constitution. That portion of the section which is material here reads as follows:

"They shall be always open (legal holidays and nonjudicial days excepted), and their process shall extend to all parts of the state; *provided,* that all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof affected by such action or actions, is situated. Said courts and their judges shall have power to issue writs of *mandamus, certiorari,* prohibition, *quo warranto,* and *habeas corpus,* on petition by, or on behalf of, any person in actual custody in their respective counties. Injunction and writs of prohibition may be issued and served on legal holidays and nonjudicial days."

It is said that there should be a comma after the word "custody," and that the phrase "in their respective counties," limits the power of the court as to all the writs mentioned.

It is somewhat strange if the convention provided first that the process of these courts shall extend throughout the state, and immediately add that certain important processes shall be issued only in their respective counties—meaning thereby that they shall not extend throughout the state. And how inapt the lan-

guage to accomplish the supposed purpose. Why should the constitution prohibit the courts from issuing their writs anywhere else than in their respective counties? All writs, whether extending throughout the state or not, would be issued there.

The phrase is exactly adapted to express a limitation to the jurisdiction of the court in matters of *habeas corpus* to the county in which a person is held in actual custody, and we find precisely the same phrase was used twice in the former constitution for the same purpose.

And if the section is to be construed as is contended by appellant, it will apply quite differently to matters of *habeas corpus* from what has always been understood and practiced. One might be in San Francisco, and yet hold a child in custody in Kings county. Which court would have jurisdiction, San Francisco or Kings? As the law has always been understood, the court in the county of Kings would have jurisdiction, and could extend its writ to San Francisco or elsewhere to reach the responsible party.

I think the order or judgment should be modified, so as to confine its operation to the duty prescribed in the statute, to wit, to require the appellant to furnish, assign, and transfer the tax list described in the complaint, and that, as modified, it should be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the order or judgment is modified, so as to confine its operation to the duty prescribed in the statute, to wit, to require the appellant to furnish, assign, and transfer the tax list described in the complaint, and that, as modified, it is affirmed.

McFARLAND, J., FITZGERALD, J., DE HAVEN, J.