[Civ. No. 201. Third Appellate District.—May 23, 1906.]

## JOSEPH E. PIPHER, Petitioner, v. SUPERIOR COURT OF AMADOR COUNTY, Respondent.

MANDAMUS—ALLOWANCE OF FEES OF REPORTER IN CRIMINAL CASES—ABSENCE OF ADEQUATE REMEDY AT LAW.—The presentation of the claim of a reporter for his fees and expenses in criminal cases to the judge or court for allowance out of the county treasury under section 274 of the Code of Civil Procedure is not an action or special proceeding, in which an appeal lies under section 963 of that code. If the record showed beyond dispute that an order had been made by the judge to perform the service for which the claim was presented, and that the service was performed as ordered, the judge could not arbitrarily refuse to direct the auditor to draw his warrant for the amount of compensation due, as fixed by statute. In such case the duty of the judge to direct the warrant is ministerial, and could be compelled by mandate. It would be no sufficient answer that the reporter had an action at law in the proper court for his services.

ID.—ORDER OF COURT REQUISITE—ANSWER DENYING ORDER—PRESUMPTION.—The authorization by order of the court of the services rendered by the reporter is the foundation of his claim to compensation therefor; and where in his sworn answer to the petition for the writ of mandate, the judge of the court denies that any order was made authorizing the services claimed, and sets forth that an allowance was made for all services authorized, it must be presumed that the judge speaks from his minute entry, in the absence of a showing by petitioner to the contrary, or that the court would exercise its power to make the entry correspond with the sworn statement in the answer.

ID.—FINDING OF FACT CONCLUSIVE—OFFICE OF MANDAMUS.—The
court's finding of fact as to the existence and extent of its order
to the reporter is conclusive; and no rule of the law of *mandamus*
would justify this court in ordering the judge to make a different
finding of fact. It is not the office of *mandamus* to convert this
court into a court for the correction of errors of both law and
fact, or to compel the court to find a fact in a particular way.

PETITION for writ of mandate to the Superior Court of
Amador County.  R. C. Rust, Judge.

The facts are stated in the opinion of the court.

R. Platnauer, for Petitioner.

C. P. Vicini, District Attorney, for Respondent.

CHIPMAN, P. J.—Mandate.  The petition shows that
plaintiff is an official reporter of the superior court and that
defendant is judge of the superior court of Amador county;
on May 1, 1905, defendant appointed petitioner as the official
reporter, *pro tempore,* of said court, and he thereupon entered
upon the discharge of his duties as such reporter; from May 1,
to May 17, 1905, both inclusive, plaintiff, under order of said
court, took down in shorthand all the proceedings at the trial
then pending in said court, in the case entitled, *The People
plaintiff,* v. *F. N. Staples, defendant,* charged with the crime
of murder; during the trial, upon the order of the court, plain-
tiff transcribed and made two copies of the testimony of cer-
tain witnesses taken at said trial and delivered to the district
attorney and to the attorney for the defendant one copy each
of such transcription, containing twelve hundred folios of
one hundred words per folio, and also transcribed excerpts of
certain other testimony, and delivered one copy each to the
district attorney and defendant's attorney, said transcription
containing one hundred and fifty folios of one hundred words
per folio; on May 17, 1905, plaintiff presented to defendant a
demand for the amount claimed to be due him for said
services and for his reasonable traveling expenses from the
city of Sacramento to the town of Jackson and the amount of
such demand for such services has by order of the court been
paid to plaintiff.  On May 17, 1905, defendant directed

plaintiff to write out and transcribe and furnish defendant for transmission to the governor a complete transcription of his shorthand notes of all the testimony taken and proceedings had at said trial, and also to furnish to the district attorney and attorney for defendant, each, a copy of said transcription, "other than that of the testimony of those witnesses whose testimony had theretofore been transcribed by affiant." Thereafter plaintiff complied with said order by making the transcription so ordered and furnished copies as ordered. "The transcription of affiant's shorthand notes of the whole of the proceedings in said action contained three thousand four hundred and fifty folios of one hundred words per folio, and that the transcription delivered to said district attorney, and to the attorney for the defendant in said action, each contained two thousand two hundred and fifty folios of one hundred words per folio; that the total amount of transcription performed by affiant subsequent to said seventeenth day of May, 1905, pursuant to said order aforesaid, was as follows: One copy of twelve hundred folios, being one copy of the testimony of certain witnesses which had been transcribed during the trial, prior to the seventeenth day of May, and three copies of two thousand two hundred and fifty folios each, being the transcription of the balance of said shorthand notes excepting the testimony transcribed during the trial, said folios being one hundred words each and said three copies having been made by affiant at one time." That subsequently, on June 23 and 24 and 25, 1905, on the order of said court, plaintiff attended said court and reported the proceedings had in said case, and that his traveling expenses from Sacramento to Jackson and return were $5.50; that the fees allowed by law, including traveling expenses for such services are the sum of $1,018; that plaintiff has received $500 and no more, which sum was paid on June 24th and there remains due the sum of $518; that on February 14, 1906, plaintiff demanded of defendant in writing that said court make an order directing the payment of last-named sum out of the county treasury of said Amador county, as due plaintiff for his said services, and "defendant refused and still refuses to make such order, or any other than one directing the payment to affiant out of said county treasury of the sum of $113."

Defendant answered by a sworn statement. After stating the fact as to the transcription which was made during the trial and paid for, the answer denies that defendant made any order in the matter other than follows: "At the conclusion of the said trial defendant ordered said plaintiff as such official reporter, *pro tempore,* to complete the transcription of the testimony taken and proceedings had at said trial by transcribing two copies of his notes excepting the portions already transcribed and which had been paid for, so that the court could file one copy with the clerk of the court, and forward the other to the office of the governor of the state, and that plaintiff proceeded to do so and procured the return from the district attorney and from the attorney for the defendant of the testimony transcribed during the trial and incorporated it into the two copies of the transcript ordered by the court, but without any order or authorization therefor he made a complete copy of the entire record and sent it to this defendant with a statement that he made it for transmission to the governor, and also his bill for it, and for the two copies ordered by the court; that defendant refused to accept the copy not ordered and notified plaintiff that he would hold the copy subject to his order. That said copy has never been accepted or used, and is still in the chambers of defendant as judge of said superior court, subject to plaintiff's order. The bill presented by plaintiff was for $1,029.50, and on June 24, 1905, defendant ordered paid thereon the sum of $500, which plaintiff on said date received. That on July 29, 1905, defendant as such judge passed upon and allowed on said bill the further sum of $113, and ordered the county auditor to draw his warrant on the treasury of said Amador county for said sum in favor of plaintiff," which he refused to accept. Defendant further "avers that he has acted upon plaintiff's claim and allowed it in the sum of $1,193.50, all of which plaintiff has received except the sum of $113, and that such allowance is a full, fair and adequate allowance to plaintiff for all his services, expenses and transcriptions."

Defendant demurred to the petition for want of facts sufficient to entitle plaintiff to the relief demanded.

It appears from the petition, as well as from the answer, that plaintiff presented his bill for allowance for the full

amount claimed to the judge of the court, who acted upon it, made an allowance and ordered a warrant drawn for the amount in his judgment found to be due.

The fees allowed the official reporter are provided for by section 274 of the Code of Civil Procedure, and it is provided: "In criminal cases, the fees for reporting and for transcripts ordered by the court to be made must be paid out of the county treasury upon the order of the court; provided that when there is no official reporter in attendance, and a reporter *pro tempore* is appointed, his reasonable expenses for traveling and detention must be paid and allowed by the court and paid in like manner."

It is claimed by plaintiff that the rule for determining whether a writ should issue in any particular case is stated in *Wood* v. *Strother,* 76 Cal. 545, [9 Am. St. Rep. 249, 18 Pac. 766], as follows: If the determination of the tribunal was not intended to be final, and there is no other adequate remedy, the writ must issue. And it is stated that the sole issue of law here is as to the power of the court to compel a judge of the superior court to act in such a specified manner. It is contended that the court has such power (*Wood* v. *Strother*), and that the demurrer should be overruled and that the questions of fact raised by the answer should be tried by this court, in accordance with sections 1089 and 1090 of the Code of Civil Procedure. Defendant contends that the proceeding pointed out by section 274 is either an action or a special proceeding under sections 20, 21, 22 and 23 of the Code of Civil Procedure, and that the judgment of the court therein was appealable (Code Civ. Proc., sec. 963), and thus there was furnished "a plain, speedy and adequate remedy in the ordinary course of law," within the meaning of section 1086 of the Code of Civil Procedure. It is also claimed that the court, having acted by making its order, *mandamus* will not lie to compel it to reverse its order and act differently, because plaintiff has a plain, speedy and adequate remedy at law; also, that the duty performed by the court was judicial, and, whether or not the court erred, its action cannot be reviewed by *mandamus.* Section 963, subdivision 1, gives an appeal "from a final judgment entered in an action, or special proceeding commenced in a superior court, or brought into a superior court from another court."

We do not think that the presentation of his claim by the reporter to the judge or court for allowance is either an action or a special proceeding such as is contemplated by the code sections referred to by defendant, and, therefore, no appeal lies under section 963. Indeed, the language of this latter section refers only to final judgments entered in actions or special proceedings "commenced in a superior court or brought into a superior court from another court." The making up and presenting the bill of the official reporter for his services can hardly be said to be an action or special proceeding. It is only when the court refuses to act at all, or, acting, allows less than is claimed, that any cause of action can arise.

Nor is the action of the judge in passing upon the claim final in the sense that it is conclusive and placed wholly beyond review or correction if erroneous. If the record showed beyond dispute that an order had been made by the judge to perform the service for which the claim was presented, and that the service was performed as ordered, we do not think the judge could arbitrarily refuse to direct the auditor to draw his warrant for the amount due. The statute fixes definitely the compensation, and where the services have been performed under the order of the judge, his further duty to direct the warrant to issue is ministerial, and we think could be compelled by mandate. It would be no sufficient answer that the reporter had an action at law in the proper court for his services.

But in the case here it appears from the answer of the judge that he made no order authorizing plaintiff to perform the services charged for; he allowed all items for services in any way authorized by him. If there was a minute order entered in the records of the court, the plaintiff has failed to present it. We have only his general statement that he was ordered to make the transcription for which he makes the charge. To the contrary, the defendant sets forth specifically what the order was, and, being the judge of the court who made the order, we think we must accept it as the true statement of the fact, and this is the only fact in controversy.

But, aside from this view of the matter, it is undisputed that the judge had the whole subject before him and acted upon it. He passed upon the fact and decided that there was no order made by him authorizing the transcription for which

alone the claim is made. He also passed upon and allowed all other items, and as to them there is no dispute. The authorization is the foundation of plaintiff's claim, and this fact is found against him and is conclusive upon us. We must presume that the court speaks either from the minute entry or from his notes as to what the order in fact was. The court has the power to direct the minute entry to be made to conform to the fact (*Kaufman* v. *Shain*, 111 Cal. 16, [52 Am. St. Rep. 139, 43 Pac. 393]), and we must presume that the court would make the entry to correspond with its sworn statement here. No rule of the law of *mandamus* would justify this court in ordering the judge to make a different finding of fact. Conceding that we may direct him to act in a particular way, the rule laid down in *Wood* v. *Strother*, 76 Cal, 545, [9 Am. St. Rep. 249, 18 Pac. 766], does not go to the extent of holding that we may compel the exercise of his judgment or discretion in a particular way. The county was liable for such transcription only as was authorized by order of the court. (*Richards* v. *Superior Court*, 145 Cal. 38, [78 Pac. 244].) If, as has been said, the facts were undisputed that services, for which the law fixed a definite compensation. had been rendered pursuant to the order of the court, *mandamus* would lie to compel the court to allow the claim and direct the warrant to issue; to this extent the judge would be compelled to act in a particular way. But the rule cannot be so extended as to authorize this court to compel the judge to find a fact in a particular way against his conception and judgment of what the fact was. It was said in *Rundberg* v. *Belcher*, 118 Cal. 589, [50 Pac. 670] : "While *mandamus* will lie to compel judicial action and in some instances even specific action (*Wood* v. *Strother*, 76 Cal. 545, [9 Am. St. Rep. 249, 18 Pac. 766]), and is an appropriate remedy in a proper case to obtain the relief here sought (*Downer* v. *Norton*, 16 Cal. 436), it may not be invoked to require a judicial officer to act in a particular way, except it appear by necessary legal deduction from the facts stated that the aggrieved party has been denied a right which it was the plain legal duty of the officer to grant and without his proper discretion to refuse." To compel the court to find the fact in a particular way would be to constitute this court the tribunal to hear and determine as a court of first instance the very questions com-

mitted to the judge of the superior court, or would convert this court into a court for the correction of errors of both law and fact by writ of *mandamus.* This is not and never was the office of *mandamus.*

The writ is denied.

Buckles, J., and McLaughlin, J., concurred.