# The People of the State of Illinois ex rel., A. C. Moffett et al., Appellees, v. William R. Turnbull, Mayor, et al., Appellants.

1. MUNICIPAL CORPORATIONS, § 1173*—*when duty of city council to pass appropriation and tax levy ordinance to maintain free library.* Under section 1 of Act of 1872, J. & A. ¶ 7074, authorizing cities, incorporated towns and townships to establish and maintain free public libraries and reading rooms, where a city council passes an ordinance providing for the establishment and maintenance of such a library and by resolution accepts a donation for the erection thereof, *held* that the council by adopting such ordinance and resolution elected to come under the provisions of the statute and could not, on its own motion, refuse to pass appropriation and tax levy ordinances to maintain the library.

2. MANDAMUS, § 148*—*when petition to compel city officials to pass appropriation ordinance and make levy for city library sufficient.* Petition filed by members of a city library board for the issuance of a writ of mandamus to compel the mayor and city council to pass an appropriation ordinance, and to levy, in the tax levy ordinance, the sum of one and two-tenths mills on the dollar of the taxable property of the city, *held* to state facts showing a clear right to demand the issuance of the writ.

3. STATUTES, § 225*—*word "may" construed.* The word "may" in a statute will be construed to mean "shall" whenever the rights of the public or of third persons depend upon the exercise of the power or the performance of a duty to which it refers, and such is its meaning in all cases where the public rights or interests are concerned. The term "public" does not necessarily mean all the inhabitants of a State, but may properly be applied either to the inhabitants of a State, a county or a community.

4. STATUTES, § 225*—*when word "may" means "shall."* The word "may" in section 1 of the Act of 1872, J & A. ¶ 7074, wherein it says "The city council * * * shall have power to establish and maintain a public library * * * and may levy a tax, etc.," *held* to mean "shall."

Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

C. F. WEMPLE and BELLATTI, BARNES & BELLATTI, for appellants.

ROBERT TILTON and KIRBY, WILSON & BALDWIN, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a petition filed by the members of the Library Board of the city of Waverly asking for the issuance of a writ of mandamus against the mayor and city council of said city, to compel them to pass an ordinance appropriating a sum of money for the purpose of maintaining a free public library and also. to compel them to levy, in the tax levy ordinance, the sum of one and two-tenths mills on the dollar of the taxable property of said city, for said library, for the fiscal year beginning the third Tuesday of April, 1912.

A demurrer was filed to the petition, and upon the overruling of said demurrer the appellants elected to abide by same. Thereupon the court entered judgment directing the writ to issue, commanding the said mayor and city council to pass the. ordinance appropriating a sum of money for said free library, and to levy, in the annual tax levy ordinance, the said sum for the maintenance of the said library.

This is an appeal perfected by a portion of the defendants below, bringing the proceedings before us for review.

The question presented for our consideration upon this record is, whether or not the petition herein filed contains allegations sufficient to authorize the issuance of the peremptory writ of mandamus.

The allegations of the petition, in substance, are: that on the 9th day of May, 1911, the city council of the city of Waverly passed an ordinance providing that a free public library should be established under the provisions of an act of the General Assembly, entitled, "An Act to authorize cities, incorporated towns and townships to establish and maintain free public li-

braries and reading rooms,'' approved and in force March 7, 1872, as amended by Acts approved June 17, 1889, May 25, 1889 and June 14, 1909 (J. & A. ¶ 7079), and such ordinance provided: ''a library shall be established and maintained by taxation to be appropriated and levied, in the sum of one and two-tenths mills on the dollar on all the taxable property in the city in accordance with the provisions of the said act, for the free use of the inhabitants of the City of Waverly, the said library to be under the supervision and management of a board of directors to be appointed according to the provisions of the statute,'' etc.; that after the passage of the said ordinance, the mayor of the city appointed said board of directors, consisting of nine persons, and said appointees were duly confirmed by the city council, and that the said board of directors adopted rules governing their own actions and the management of said library; that on the 23d day of February, 1912, the said city council adopted a resolution accepting a donation from Andrew Carnegie in the sum of $4,500 for the erection of a free public library building, ''on condition that said city shall pledge itself, by resolution of the council, to support a free public library, at a cost of not less than $450 a year and to provide a suitable site for said building,'' and providing, after resolving to furnish said site, ''that an annual levy shall hereafter be made upon the taxable property of said city, sufficient in amount to comply with above requirements,'' that the said Andrew Carnegie deposited said sum of $4,500 in a certain trust company to pay for the erection of said building; that a site was conveyed to said library board, for the building; that a contract was entered into by the library board for the erection of the building on the said site, which said contract is now in force and effect, and the contractor has purchased materials and is proceeding with the erection and construction of the said building, which will be completed and ready for occupancy on or about September 1, 1912; that on the

6th day of June, 1911, the said city council passed an ordinance appropriating money for the purposes of said library, and on the 6th day of September, 1911, the annual levy ordinance was passed, in which said ordinance there was levied the sum of $450 for the library fund; that on the 7th day of May, 1912, the city council of said city passed an ordinance, by a vote of four to two, repealing the ordinance of May 9, 1911, establishing such library, which said ordinance was not approved or signed by the mayor, but was published on May 31, 1912; that in passing the appropriation ordinance for the year 1912, the said city council omitted to make any appropriation of any sum for maintaining the library; that the resolution of February 23, 1912, above set forth, is still in full force and effect and that said library board has not been dissolved by any legal steps or proceedings; that said city council has refused to make the appropriation for the purpose of maintaining the library, and has declared its purpose of not making such appropriation and has also declared it will not levy the said sum of $450 in the tax levy ordinance for the present fiscal year; that unless said appropriation is made no tax can be legally levied in the annual tax levy ordinance for the purpose of maintaining said library; that in view of their appointment under the ordinance of May 9, 1911, the library board procured, by public subscriptions, the sum of about $1,200, to procure the lot upon which to erect the library building and to care for a few minor expenses; that the lot has been purchased and the library building is in course of construction and about $1,000 worth of material is now on the grounds. The prayer of the petition is that the individual officers of the city be compelled, by writ of mandamus, to pass an ordinance appropriating a sum of money for the purposes of the library, to publish said ordinance, and to thereafter levy, in the annual tax levy ordinance, said sum of money for the purpose of maintaining said free public library, for the fiscal year beginning the third Tuesday of April, 1912, etc.

Attached to the petition and made parts thereof are the various ordinances, resolution and contract for the building of the library building.

The statute which the city council referred to in the ordinance of May 9, 1911, in section 1 thereof (J. & A. ¶ 7079), provides: "The city council  *  *  *  shall have power to establish and maintain a public library and reading room for the use and benefit of the inhabitants of such city, and may levy a tax of not exceeding one and two-tenths mills on the dollar annually on all the taxable property in the city."

Under the view we take of this case, the city council, when the question arose before them, had authority to provide by resolution or ordinance that they would or would not provide for the establishment and maintenance of a free public library and reading room. When the said council adopted the ordinance of May 9, 1911, they, by such adoption, declared they would establish and maintain a free public library.

In our view the latter part of the above quoted section providing "and may levy a tax," etc., is to be construed to mean that if the city council elects to provide for the establishment and maintenance of a free library, then they "shall levy" a tax. The word "may" as used in the section is a grant of power to do so, if the first clause of the section is accepted by the city council. They may or may not determine to establish and maintain a free public library, but if they elect to adopt an ordinance providing that they will establish and maintain a free public library, then the power is granted to them to extend a tax for that purpose, and shall be exercised by them.

The word "may" in a statute will be construed to mean "shall," whenever the rights of the public or of third persons depend upon the exercise of the power or the performance of a duty to which it refers, and such is its meaning in all cases where the public rights or interests are concerned. *Brokaw v. Commissioners of Highways*, 130 Ill. 490. Also see *Binder v. Langhorst*, 234 Ill. 587.

The term ''public'' does not necessarily mean all of the inhabitants of a State, but may properly be applied either to the inhabitants of a State, a county or a community. *Byrne v. Chicago General Ry. Co.* 169 Ill. 75, at page 84.

In the action to be taken by the city council in this cause, the rights of all of the inhabitants (the public) of that community were involved.

By the adoption of the ordinance of May 9, 1911, the city council had elected to establish and maintain a free public library. By the resolution of February 23, 1912, it had accepted the gift of $4,500 for the erection of the library building from the donor. By the various acts of the council the inhabitants of the city had been induced to subscribe the sum of $1,200, in order to secure a site for the building and had met, by way of taxation, the levy made by the council for the maintenance of the library for the year 1911. The library was to be for the free use of the inhabitants (the public) of the city.

In our view, by the adoption of the ordinance of May 9, 1911, and the resolution of February 23, 1912, the city council had elected to come under the provisions of the statute relating to libraries, and to permit them to refuse of their own motion, to maintain by appropriation and tax levy ordinances the library which they had agreed to maintain, would be to allow the city council to abuse the power vested in them.

As was held by our Supreme Court in *Young v. Carey,* 184 Ill. 613: The duty of the board is clearly implied. This is within that class of cases in which courts may control discretionary powers to sustain a right or prevent an injury.

We think the petition in the case at bar sets up a state of facts showing a clear right to demand the issuance of the writ of mandamus; and the judgment appealed from is hereby affirmed.

*Affirmed.*