In the Matter of the Petition of ANTHONY BECHER, Petitioner, for the Removal of ARTHUR J. CASE, Police Justice of the Incorporated Village of Valley Stream, Respondent. (Proceeding No. 2.)

Second Department, February 25, 1935.

*Otho S. Bowling,* for the petitioner.

*J. W. Friedman,* for the respondent.

PER CURIAM. This court finds a basis for action in respect of respondent's present term of office because of official acts committed in the term of office which expired on December 31, 1934 (*Matter of Newman* v. *Strobel,* 236 App. Div. 371), which acts were not before the electorate in the March, 1934, election.

We find that during the period from July, 1933, to August 1, 1934, the respondent was delinquent in making his reports and returns of moneys to the State Comptroller on Vehicle and Traffic Law fines, payable to that officer, and in respect of similar reports and returns of Penal Law fines, payable to the supervisor of the town.

We also find that the payment in September, 1934, of the year's accumulated arrears of moneys due for the foregoing period did not constitute a proper discharge of duty by the respondent. According credit to persons fined was not justifiable and, so far as it was extended, did not excuse the failure of the respondent to make the requisite reports and payments to the State Comptroller and the town supervisor. At best, this according of credit, so far as it was extended, concerned the period preceding August, 1934. During the period in question there is clear proof of a conversion of the Spinelli fine, and the excuse in reference thereto may not be accepted. Likewise the excuse is not accepted of claimed possession of cash in the safe in an amount large enough, when added to the bank balance of the respondent, to liquidate the amounts due to the State Comptroller and the town supervisor at any given time.

Apart from the foregoing misconduct, there seems to have been a continuance of the delinquencies of the respondent during the period subsequent to August 1, 1934, down to and during the pendency of the proceedings instituted with reference to the prior erm of office, and which proceedings have been dismissed herewith.

Proper and orderly administration of the office of police justice requires that the reports to the village treasurer and State Comptroller and town supervisor be made at the times required by the several statutes applicable thereto, and they require that the fines imposed, covered by these reports, be turned over to these several officials at the time of making the report.

Section 73 of the Vehicle and Traffic Law requires fines other than those concerned with sections 80 to 91 to be remitted to the State Comptroller. Fines involving violations of sections 80 to 91 are to be remitted to the village treasurer. Fines for violation of the Penal Law, when the police justice sits as a Court of Special Sessions, are required to be remitted within thirty days to the supervisor of the town. (Code Crim. Proc. § 726.)

The withholding of funds over a long period of time, so that accounts were in arrears for at least a year, may not be countenanced or excused. The character of the delinquencies and their continuance over such a long period of time distinguishes this case from *Matter of Perl* (240 App. Div. 842).

For these reasons the respondent should be removed forthwith from his office as police justice of the incorporated village of Valley Stream.

In addition, the respondent has improperly retained delinquent dog license fees collected pursuant to procedure prescribed by section 113 of the Agriculture and Markets Law.

 

Fees and fines in connection with delinquent dog license matters are required to be paid to the village treasurer before the first regular meeting of the board of trustees in a month succeeding the one in which the fines are collected. (Village Law, § 185.) The respondent police justice, who is on a salary, is forbidden to receive such fees for his own benefit and is required to pay them to the village treasurer (Village Law, § 185), and his right to collect fees for issuing summonses and filing same in such proceedings is determined by that same law, with the right to payment therefor arising only after an audit. (*People* v. *Village of Pelham Manor*, 234 App. Div. 790.) Since others are claimed under a similar mistaken view of their rights to have withheld such fees, this court refrains from founding its action herein on the matters relating to delinquent dog license fees.

The prayer of the petitioner should be granted and respondent removed forthwith from his office as police justice of the incorporated village of Valley Stream.

Present — LAZANSKY, P. J., HAGARTY, TOMPKINS, DAVIS and JOHNSTON, JJ.

Petition granted and respondent removed forthwith from his office as police justice.