[Civ. No. 3786. Fourth Dist. Apr. 29, 1949.]

CHARLES FOWLER DRAPER, Appellant, v. W. H. GRANT, as City Judge, etc., et al., Respondents.

Karl F. Kennedy and Irvine P. Aten for Appellant.

Arthur L. Blank, City Attorney, Wild, Carlson & Reeve and D. S. Davis for Respondents.

GRIFFIN, J.—Petitioner had been confined in the Coalinga City Jail on some charge and was subsequently charged in a complaint issued by respondent, W. H. Grant, Judge of the City Court of Coalinga, with the "crime of misdemeanor" in that he "did wilfully and unlawfully destroy and injure certain parts of the Coalinga City Jail, to wit: did break and injure a water basin and 2 water faucets causing water to flood the jail to the extent that 2 mattresses were ruined. Time 11 p. m. All of which is contrary to the form, force and effect of section 606 of the Penal Code . . ."

The docket of the court shows that defendant was also previously charged with disturbing the peace, to which he entered a plea of not guilty; that "after defendant pleads guilty to damaging public property it was requested by Chief Griffith that the case of disturbing the peace be dismissed, etc. So done by the court." Another docket entry shows a charge against the defendant of violating Penal Code, section 606, on the same day. "Defendant was informed of his legal rights, waived time, and pleads guilty as charged. Waives *fore* judgment and by the court given 9 6 months in the county jail. Commitment rendered . . . Payment of $2.00 per day fine is paid, case closed." On that same day defendant's wife

paid $360 to the court and took its receipt reciting ''Posted in lieu of fine. Order of Judge Grant viol. sec. 606 P. C.''

By this writ directed against said judge and the city treasurer only, petitioner now seeks return of the $360 for the claimed reason that said court had no jurisdiction to accept a plea and pronounce judgment against him because the offense as charged was a felony. An alternative writ was issued and made returnable before the Superior Court of Fresno County and after hearing, relief thereunder was denied. Petitioner appealed.

Petitioner proposed a narration of the oral proceedings had before the superior court, under rule 7a of the Rules of Appeal, superior court, for settlement, together with certain amendments. Respondent proposed a similar narration and amendments which were adopted by the trial judge. Petitioner's narration was, in many respects, found untrue. The adopted narration shows that at the time of the arraignment before the city judge on the charge involved, the judge asked the defendant if he was ''guilty or not guilty to the misdemeanor of malicious mischief, that is, the wilful destruction of property not belonging to him as charged in the complaint''; that the defendant pleaded guilty thereto and he was sentenced to six months or pay a fine of $2.00 per day for each day of said six months; that he paid the fine and was released; that at no time did the judge sentence defendant to nine months in the county jail; that the figure nine was inadvertently written in the docket and the figure six was immediately written over it; that the city judge considered the complaint, as charged, a misdemeanor. Defendant, according to the statement, admitted destroying the plumbing fixtures but denied it was wilful and claimed that the city judge first sentenced him to nine months and later in the day changed it to six months with the privilege of paying in lieu thereof a $360 fine.

█ Counsel for petitioner cites *People* v. *Boren*, 139 Cal. 210 [72 P. 899], in which it is correctly held that the crime defined by section 606 of the Penal Code is a felony and not a misdemeanor. Petitioner therefore argues that, as a matter of right, he is entitled to the return of the money paid to the court because that court lacked jurisdiction to impose such fine.

Respondent judge justifies the charge and the levy of the fine as follows: that the mere misnomer or inclusion in the charge of the named section of the Penal Code (606) is imma-

terial, if in the body of the complaint, the charge constitutes a public offense which would sufficiently inform the defendant of the offense of which he is being tried and that if such offense constituted a misdemeanor and defendant pleads guilty thereto, he could not be prejudiced by such misnomer or wrongful inclusion of the section, citing *In re Murphy,* 190 Cal. 286 [212 P. 30]. Section 606 provides that one ''who wilfully and *intentionally* breaks down, pulls down, or otherwise destroys or injures any place of confinement, is punishable by fine not exceeding ten thousand dollars ($10,000), *and* by imprisonment in the State prison not exceeding five years.'' It might be here noted that the complaint in the instant case charged that the defendant did wilfully and *unlawfully* commit the act, rather than wilfully and *intentionally,* as provided in said section.

Respondent's argument that the city judge had jurisdiction and was justified in imposing a misdemeanor fine under the charge is not entirely supported by the authorities cited. Section 594 of the Penal Code defines malicious mischief in general as constituting a misdemeanor and excepts therefrom cases otherwise specified in the Penal Code. Section 606, *supra,* is one of those sections.. The claim that the penalty provided by that section is for imprisonment in the state prison *or* by fine, and therefore whether the crime is a misdemeanor or felony depends on the character of 'the penalty imposed, is erroneous. In *People* v. *Gray,* 137 Cal. 267 [70 P. 20], relied upon by respondent, it was held that where the penalty was for a felony *or* a misdemeanor that the imposition of the penalty for the latter would determine its character. Under section 606 the penalty reads in the conjunctive rather than the disjunctive and it has been definitely held in *People* v. *Boren, supra,* that the violation of that section is a felony and not a misdemeanor.

The reasons for the denial of the writ by the trial court are not stated. Although neither counsel have argued the question in their respective briefs, there appears to be a ground for denying the relief prayed for against the parties to whom the writ is sought to be directed. The writ of mandate does not lie at the suit of every one having a cause of action against a person occupying a public office. It lies only to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust or station. (*Dufton* v. *Daniels,* 190 Cal. 577 [213 P. 949]; 16 Cal.Jur. § 27, p. 804; *People* v. *Turnbull,* 184 Ill.App. 151.)

■ Under 2 Deering's California General Laws, Act 5233, section 885, page 2000 [Stats. 1883, p. 93 as amended], all moneys collected by any officer for the use of the city shall immediately be deposited into the city treasury. Apparently the money collected as a fine in the instant case was thus deposited and the city judge had no authority to withdraw it from the treasury and accordingly a writ of mandate would not lie to compel such action. Funds belonging to a municipality may be withdrawn only in the manner prescribed by law and usually the city treasurer is only the custodian of the city funds. (*City of El Paso* v. *Two Republics Life Insurance Co.* (Tex.Civ.App.), 278 S.W. 231; *City of Princeton* v. *Baker*, 237 Ky. 325 [35 S.W.2d 524].) This rule has been applied to a fine received as part of the city's income. (*Becher* v. *Case*, 243 App.Div. 375 [277 N.Y.S. 733]; *People* v. *City of Hornell*, 256 App.Div. 113 [8 N.Y.S.2d 976].) ■ Where the authority of an officer to do an act must be found in the statute, the writ does not lie to compel the performance of the act if the statute does not authorize it. (*Mattingly* v. *Nichols*, 133 Cal. 332 [65 P. 748]; 16 Cal.Jur. § 33, p. 819.) ■ It likewise appears that the city treasurer, merely upon demand, had one been made, would not have been authorized under any statute to refund fines paid to that officer, without a proper claim made to the city council and without a warrant having been issued therefor by the proper authority. Section 876 of Act 5233, *supra*, provides that it shall be the duty of the city treasurer to safely keep all money which shall come into his hands as such and pay it out *only* on warrants signed by persons designated by law as proper persons to sign warrants, and not otherwise. Under section 864 of the act, demands against the city shall be presented to and are required to be audited by the city council and upon allowance the mayor shall draw a warrant upon the city treasurer which shall be countersigned by the city clerk. Since none of these officers are parties to this action and are the only ones authorized under the law to pass upon a claim against the city or draw a warrant on the city treasury the writ may not issue alone against the city treasurer to return the fine thus deposited. ■ Mandamus is the appropriate remedy to require the proper officer to examine and audit a claim but not to interfere with his discretion in approving or rejecting it. (*Long Beach City School Dist.* v. *Payne*, 219 Cal. 598 [28 P.2d 663]; *Pipher* v. *Superior Court of Amador Co.*, 3 Cal. App. 626 [86 P. 904].) Whether plaintiff could recover under

a claim properly made to the city council is problematical and unnecessary to determine in this proceeding.

 The general rule applicable to the *voluntary* payment of money made by a party to a municipality with full knowledge of the facts but made under a mistake of law is that such party cannot recover. (*Bank of Woodland* v. *Webber,* 52 Cal. 73; Dillon on Municipal Corporations (1st ed.) § 751, and cases cited; *Bucknall* v. *Story,* 46 Cal. 589 [13 Am.Rep. 220]; McQuillan Municipal Corporations (2d ed.) (Rev. 6) § 2671, p. 739; *Brush* v. *Helena,* 54 Mont. 254 [169 P. 285].)

In *Kings County* v. *Johnson,* 104 Cal. 198 [37 P. 870], it was held that the tax collector could not be compelled by mandamus to deliver moneys, even if erroneously collected by him, but such remedy, if any, was by an action for money had and received.

In *Hutchison* v. *Reclamation District No. 1619,* 81 Cal.App. 427 [254 P. 606], it is definitely held that mandamus is an extraordinary remedy in the nature of an equitable interference supplementing the deficiency of the common law and although classed as a legal remedy its issuance is largely controlled by equitable principles and it is a remedy which is awarded not as a matter of right, but in the exercise of a sound judicial discretion and one who seeks the aid of a court in obtaining the remedy of mandamus must come into court with clean hands; and that the writ of mandamus may be denied where it appears that the petitioner may obtain the relief sought without the writ.

Under the pleadings and facts related the trial court was justified in denying the writ.

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.