Filed 11/2/20  Castanon v. Long Beach Lesbian etc. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| ALEXA CASTANON, | B303237 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV05359) |
| v. |  |
| LONG BEACH LESBIAN AND GAY PRIDE, INC., et al., |  |
| Defendants and Respondents. |  |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael P. Vicencia, Judge.  Affirmed.

Leslie R. Smith for Plaintiff and Appellant.

Krieger & Krieger, Lawrence R. Cagney, Linda Guthmann Krieger and Terrence Krieger for Defendants and Respondents.

_____

Plaintiff Alexa Castanon appeals the trial court's denial of her petition for writ of mandate under Code of Civil Procedure section 1085, addressed to the corporate activities of defendant Long Beach Lesbian & Gay Pride, Inc. (LBLGP). We have jurisdiction pursuant to Code of Civil Procedure section 904.1, subdivision (a). Finding that Castanon has failed to demonstrate error on the part of the trial court, we affirm.

## BACKGROUND

Castanon filed the instant petition for writ of mandate in the superior court on February 20, 2019, naming as defendants LBLGP and its treasurer, Joseph Olney. This filing followed the filing by Castanon on December 5, 2018 of a separate action in a different branch of the superior court for "removal of directors for fraud, malfeasance and gross misconduct and declaration of member's rights," case No. 18LBCP00073, naming as defendants LBLGP, Doretha Denise Newman, and LaRhonda Slaughter. Counsel for defendants in both actions filed a motion to consolidate the two cases on March 15, 2019. On April 8, 2019, the two cases were deemed related and assigned for all purposes to Judge Michael P. Vicencia, the judge in the earlier action. At a case management conference on June 10, 2019, the trial court set a hearing date of August 7, 2019, for the petition for writ of mandate, and laid out a briefing schedule.

On June 25, 2019, Castanon filed her second amended petition for writ of mandate (SAP). The SAP alleges that at all relevant times Castanon was a member in good standing and a director of LBLGP. The SAP sought from the trial court (a) a peremptory writ of mandate compelling LBLGP to deliver to members an annual financial report; (b) a peremptory writ of mandate compelling LBLGP to allow Castanon to inspect and

2

copy all books and records of LBLGP and to inspect the physical properties of the corporation; (c) court-ordered appointment of inspectors or independent accountants to audit the financial statements and investigate the property, funds, and affairs of LBLGP; (d) fair and reasonable decisions by the court about whether to retain the assets and property of LBLGP; (e) an injunction prohibiting LBLGP from selling or contracting to sell any of its real property; and (f) dispensing with the rules governing elections at LBLGP, halting new elections pending resolution of the earlier action, establishing rules on elections "to infuse the organization with new members," filling all empty vacancies on the board of directors, and allowing for the orderly operation of LBLGP pending the above steps. Castanon also asserted the LBLGP could not lawfully pay the legal expenses for defendants Newman and Slaughter in the first action, where they were represented by the same defense counsel representing LBLGP.

On the same day, June 25, 2019, Castanon filed a 74-page ex parte application for temporary restraining order barring LBLGP from selling or contracting to sell any of its properties, particularly the property located at 707 East 7th Street in Long Beach, to be heard on June 26, 2019. This same ex parte application had been made by Castanon on March 1, 2019, before Judge Mary H. Strobel in Department 82, prior to the case reassignment. Judge Strobel denied the earlier application. On June 26, 2019, Judge Vicencia denied this newer application.

On July 18, 2019, Castanon served a notice of hearing on her petition for writ of mandate, with the hearing date set for August 7, 2019. This notice was accompanied by a memorandum of points and authorities, a request for judicial notice of the

earlier action, and a declaration and supplemental declaration of Castanon attaching numerous exhibits. The notice of hearing announced that the following items of relief would be sought from the court:

"(a) Respondents [LBLGP and Olney] forthwith comply with the duty of making and delivering to the members an annual report containing all of the information and financial statements required by Corporations Code [s]ection 6321;

"(b) Respondents LBLGP and Olney forthwith permit [Castanon] and/or her duly authorized representative to inspect and copy the financial books, records and documents as authorized by Corporations Code [s]ection 6333, and to afford such facilities and assistance in the course of this inspection as the [c]ourt deems proper;

"(c) the [c]ourt exercise its powers under Corporations Code [s]ection 6333 and appoint one or more competent inspectors or independent accountants to audit the financial statements and investigate the property, funds and affairs of LBLGP, and to report thereon in such manner as the court may direct;

"(d) require the individual defendants in the action entitled Alexa Castanon v. LBLGP, Doretha Denise Newman and LaRhonda Slaughter, LA.S.C. [c]ase No. 18LBCP00073, to comply with Corporations Code[ section] 5238[, subdivision ](f) and forthwith provide LBLGP with an undertaking for any legal fees advanced and/or sought to be advanced on their respective behalf, to properly obtain board approval for the advancement of legal fees and costs before any further fees or costs are advanced, and require them to repay all sums advanced in violation of [s]ection 5238[, subdivision ](f); and

4

"(e) the [c]ourt exercise its authority under Corporations Code [s]ection 5515 to: (1) dispense with the rules governing when elections will be held at LBLGP, (2) halt new elections pending a resolution of the issues raised in the [companion case], (3) establish rules on promoting membership so as to infuse the organization with competent officers and directors, (4) determine who board members are, (5) fill all empty vacancies on the board of directors, and (6) allow for the orderly operation of LBLGP pending a full reorganization of the election process." The written submissions by Castanon in support of her writ petition comprised some 275 pages.

On the same day, July 18, 2019, LBLGP and Olney filed a memorandum in opposition to Castanon's SAP that included a declaration from Olney. On August 2, 2019, LBLGP and Olney responded to the July 18 filings by Castanon, submitting a memorandum of points and authorities opposing Castanon's points and authorities along with declarations of Newman, Slaughter, and Lawrence Cagney (LBLGP counsel) as well as numerous written objections to the evidence offered by Castanon. No reply papers were filed by Castanon.

On August 5, 2019, Castanon filed evidentiary objections to the Olney declaration filed on July 18, 2019, the Slaughter declaration filed on August 2, 2019, the Newman declaration filed on August 2, 2019, and the Cagney declarations filed on July 18 and August 2, 2019. On August 6, 2019, LBLGP and Olney filed a verified response to Castanon's SAP, denying most of the averments.

On August 6, 2019, LBLGP filed a supplemental declaration of Cagney concerning evidence produced by godaddy.com, an internet service provider, stating that the actual

5

registrant for a rival website critical of LBLGP[1] was Leslie Smith, counsel for Castanon. This evidence was obtained by subpoena over Castanon's objection.

The record before us indicates that the trial court held a hearing on August 7, 2019, to consider the petition for writ of mandate. The only record of these proceedings is a minute order dated August 7, 2019, which states in its entirety: "Matter is called for hearing. [¶] LaRhonda Slaughter and Wayne Manous are sworn and testify for [Castanon]. [¶] Hearing – Other Election is scheduled for 08/15/2019 at 10:00 AM in Department S26 at Governor George Deukmejian Courthouse. [¶] [LBLGP] is ordered to prepare and submit a [p]roposed order."

On August 9, 2019, the trial court filed an amended order re procedures for LBLGP's 2019 elections. This document recites that it is based on the court's "[h]aving read and considered the parties' briefs, having considered the oral argument of counsel, having received the oral testimony of LaRhonda Slaughter and Wayne Manous, [and] having received an agreement and stipulation from the parties" from which the court found good cause to establish the procedures set out in the order. The order provided for the LBLGP elections to be held on the evening of August 14, 2019, with the cast ballots to be placed in sealed envelopes and brought to the court the next morning, August 15,

---

[1] The subpoena sought "documents identifying the registrant or owner of the anonymously registered website 'longbeacbgaypride.org' ('the counterfeit website') which is not affiliated with [LBLGP]. That website includes a call to boycott LBLGP and accuses its leaders of serious misconduct and even fraud."

where the court would supervise the opening of the envelopes and counting of the ballots.

The next event reflected in the record occurred on August 15, 2019, in another minute order entitled "Hearing – Other Election." This document states, in pertinent part: "Matter is called for hearing. [¶] LaRhonda Slaughter and Wayne Manous are sworn and testify. [¶] Elections are held. [¶] As to the 3-year membership elections, the voting results are as follows: [¶] Alexa Castanon – 8 votes for, 12 votes against . . . ."

Subsequently, on October 23, 2019, the trial court filed a further order denying the petition for writ of mandate. After reciting the items of relief requested by Castanon, the court stated: "Having read and considered the parties' briefs, having considered the oral argument of counsel, having received the oral testimony of LaRhonda Slaughter and Wayne Manous, and having received an agreement and stipulation from the parties, on August 8, 2019, the Court issued an Amended Order re Procedures for Respondent Long Beach Lesbian & Gay Pride's 2019 Election. Pursuant to that [o]rder, Respondent Long Beach Lesbian and Gay Pride, Inc. conducted its 2019 election of members, directors and officers on August 14, 2019. This Court counted the ballots cast in that election in open court on August 15, 2019. The election results are set forth in the Court's August 15, 2019 minute order herein. Among such results, Petitioner Alexa Castanon failed to receive votes sufficient to return her to membership in Respondent Long Beach Lesbian & Gay Pride, Inc. and is therefore no longer a member of such organization or its Board of Directors. [¶] Having read and considered the Second Amended Petition, Petitioner's Memorandum of Points and Authorities, the Declarations of

7

Alexa Castanon in Support Thereof and Respondents' Opposing briefs and evidence, and having supervised Respondent Long Beach Lesbian & Gay Pride, Inc.'s 2019 election, and having declined to grant any of the relief specified in Petitioner's Second Amended Petition for Writ of Mandate, [¶] IT IS HEREBY ORDERED that: [¶] Petitioner's Second Amended petition for Writ of Mandate is DENIED in its entirety."

Castanon filed a notice of appeal on December 24, 2019. The trial court entered a formal judgment of dismissal on January 3, 2020. We deem the appeal timely.[2]

## DISCUSSION

### A. Standard of Review

Castanon argues that this appeal presents "pure questions of law" based on facts that Castanon claims were "unrefuted" in the trial court. We find no merit in this argument.

Hundreds of pages of documentary evidence were submitted to the trial court by the parties, and extensive written objections to virtually all of this evidence were submitted by both sides. In addition, the record reflects that the trial court received oral testimony, as well as hearing arguments of counsel, on at least two occasions.[3] The facts below were plainly not

_____

[2] In accordance with rule 8.104(d)(2) of the California Rules of Court, we treat the notice of appeal as having been filed immediately after the entry of judgment.

[3] The instant case thus stands in distinction to a situation such as that in *People v. Ogunmowo* (2018) 23 Cal.App.5th 67, 79-80, where the trial court was ruling based only on declarations without live testimony and without evidentiary objections. In the present case, among other things, the trial court had the

8

undisputed, notwithstanding Castanon's opinion that the facts were "unrefuted."

"In reviewing the trial court's ruling on a writ of mandate (Code Civ. Proc., § 1085), the appellate court is ordinarily confined to an inquiry as to whether the findings and judgment of the trial court are supported by substantial evidence." (*Saathoff v. City of San Diego* (1995) 35 Cal.App.4th 697, 700; accord, *Dolan-King v. Rancho Santa Fe Assn.* (2000) 81 Cal.App.4th 965, 974; *Rodriguez v. Solis* (1991) 1 Cal.App.4th 495, 502.) Only in cases where the underlying facts are genuinely undisputed does the appellate court resolve questions of law. (*Ibid.*)

"Our review of the trial court's ruling is conducted according to the usual principles: In reviewing determinations of fact, all factual matters are viewed most favorably to the prevailing party, with all conflicts resolved in favor of the judgment appealed from; we determine only whether any substantial evidence supports the conclusion reached by the trier of fact. (*Committee for Responsible Planning v. City of Indian Wells* (1989) 209 Cal.App.3d 1005, 1010-1011 . . . .) Regarding the trial court's use of a particular legal standard, in the absence of a contrary indication in the record, we assume a correct standard was used in ruling on the petition. (*Id.* at p. 1011.) ' "A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." ' (*Denham v. Superior Court* (1970) 2

---

opportunity to observe the demeanor and credibility of several of the declarants who had submitted written evidence.

Cal.3d 557, 564 . . . .)" (*Consaul v. City of San Diego* (1992) 6 Cal.App.4th 1781, 1792, fn. omitted.)

"The exercise of jurisdiction in mandamus rests to a considerable extent in the wise discretion of the court." (*McDonald v. Stockton Met. Transit Dist.* (1973) 36 Cal.App.3d 436, 440.)

"Although mandamus is generally classed as a legal remedy, the question of whether it should be applied is largely controlled by equitable considerations. (*Dowell v. Superior Court* (1956) 47 Cal.2d 483 . . . .)" (*Genser v. McElvy* (1969) 276 Cal.App.2d 709, 711; accord, *Dare v. Board of Medical Examiners* (1943) 21 Cal.2d 790, 795; *Curtin v. Department of Motor Vehicles* (1981) 123 Cal.App.3d 481, 485.) Accordingly, "one who seeks the aid of a court in obtaining the remedy of mandamus must come into court with clean hands." (*Draper v. Grant* (1949) 91 Cal.App.2d 566, 571.)

## B.    The Record Before This Court

We immediately confront the problem that Castanon has failed to furnish an adequate record demonstrating error on the part of the trial court. It is not our role, in these circumstances, to independently reweigh the voluminous evidence submitted by the parties to determine whether we agree with the trial court's decision. Rather, we are governed by the substantial evidence and abuse of discretion standards of review described above. And Castanon has not facilitated this review.

First, Castanon failed to make a timely request for a statement of decision from the trial court as to its ruling on her petition for writ of mandate.

Second, Castanon has not furnished a transcript of either of the trial court hearings, on August 7 and August 15, 2019, at which testimony was taken and rulings were made.

On the first point, the doctrine of implied findings compels us to conclude that the trial court found against Castanon on the merits of her petition for writ of mandate. "The doctrine of implied findings requires the appellate court to infer the trial court made all factual findings necessary to support the judgment. (*Sammis v. Stafford* (1996) 48 Cal.App.4th 1935, 1942 . . . .) The doctrine is a natural and logical corollary to three fundamental principles of appellate review: (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133 . . . ; *Denham v. Superior Court* [, *supra*,] 2 Cal.3d [at p.] 564 . . . ; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 . . . .)" (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.)

On the second point, failure to provide reporter's transcripts, the analysis is similar. " ' "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127 . . . .) This general principle of appellate practice is an aspect of the constitutional doctrine of reversible error. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610 . . . .) ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be

11

affirmed." ' (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416 . . . .)" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

## C.    Conclusion

We are satisfied that substantial evidence supported the trial court's rulings in this matter, and that no abuse of discretion has been demonstrated by Castanon.  In the absence of an affirmative showing of error by Castanon, we affirm the trial court.  (*Consaul v. City of San Diego, supra,* 6 Cal.App.4th at p. 1792.)

## DISPOSITION

The trial court's judgment dismissing Castanon's petition for writ of mandate is affirmed.  LBLGP and Olney shall recover their costs on appeal.

NOT TO BE PUBLISHED


SINANIAN, J.[*]


We concur:



ROTHSCHILD, P. J.



BENDIX, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.