THE PEOPLE ex rel. THE DURANT LAND IMPROVEMENT COMPANY, Appellant, v. JOHN JEROLOMAN, as Justice, etc., Respondent.

Where it appears that the conduct of a party applying for a mandamus, in reference to the question at issue, has been such as to render it inequitable to grant him the relief sought, the court may, in the exercise of its discretion, refuse the writ.

Where, from the evidence appearing in the record, on appeal from an order denying an application for a writ of mandamus, the court below might have refused the application in the proper exercise of its discretion, the appellant in this court must show, by the order appealed from, that the writ was refused on a question of law only; otherwise it will be affirmed.

In such case, this court will not look into the opinion of the General Term to ascertain the grounds upon which it proceeded.

Reported below, 69 Hun, 301.

(Argued June 19, 1893; decided October 3, 1893.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made the first Monday of May, 1893, which reversed an order of Special Term granting a mandamus to compel the defendant, as justice of the Eighth District Court of the city of New York, to try a certain landlord and tenant proceeding brought by the relator against the Thompson-Houston Electric Company.

The relator owns certain premises in the city of New York, which were leased by the East River Electric Light Company, now known as the Thompson-Houston Electric Company of New York. An action was brought by said company to obtain an apportionment of rent and to recover certain counterclaims for alleged breach of covenants in the lease. A judgment was rendered therein against said company and in favor of the relator, adjudging a certain amount of rent to be due and unpaid, from which an appeal was taken. The relator subsequently instituted, in the Eighth District Court of New York city, which was presided over by this defendant, proceedings to dispossess said electric light company, which resulted in an order dismissing the same, from which the relator appealed. Upon the argument of that appeal, said electric light company claimed that injustice might ensue if it

1893.] People ex rel. D. L. I. Co. v. Jeroloman. 15

N. Y. Rep.] Statement of case.

was compelled to pay the rent found due in the action brought by it, as a condition to avoid dispossession, pending its appeal, and the court required the relator, as a condition of hearing its appeal, to enter into a stipulation to secure the tenant from any loss which might accrue to it in the event of its being compelled to pay the rent found due, pending its appeal from the judgment. Such stipulation was entered into, the appeal was argued and resulted in a reversal of the order appealed from and the granting of a new trial. Prior to such new trial, section 1310 of the Code of Civil Procedure was amended as follows: " * * * When an appeal from a judgment for rent has been perfected and execution stayed as herein provided, the appeal stays all summary proceedings, pending or otherwise, to recover the possession of real property or dispossess tenants therefrom, based on the failure to pay the rent included in the judgment appealed from."

The relator then applied to the court to be relieved from its stipulation, assigning in its moving papers and claiming on the argument that said amendment had stayed the summary proceedings, and the stipulation was vacated on that ground.

When the trial was had, the justice held that he was prevented from proceeding by the said provision of the Code. A motion was then made for a peremptory writ of mandamus to compel said justice to proceed with the trial of the summary proceedings on the ground that said amendment was not retroactive in its effect and did not apply to this proceeding. This motion was granted.

*Esek Cowen* and *Charles J. Hardy* for appellant. The amendment of the Code, contained in chapter 4 of the Laws of 1893, is not, in terms, retrospective, and, by well-settled rules of construction, applies only to appeals perfected and execution stayed, after the passage of the act. (*Ely* v. *Holton*, 15 N. Y. 595; *Dash* v. *Van Kluck*, 7 Johns. 499; *Jackson* v. *Van Zandt*, 12 id. 167; *N. Y. & O. R. R. Co.* v. *Van Horn*, 57 N. Y. 472; *Murray* v. *Gibson*, 15 How. [U. S.] 423; *Chew Hong* v. *U. S.*, 112 U. S. 559.) A strong objection to giving this amendment a

retrospective construction is, that so construed, it would violate the provision of the Constitution of the United States, forbidding a state to pass any law "impairing the obligation of contracts." (*McCracken* v. *Hayward*, 2 How. [U. S.] 612; *Greene* v. *Biddle*, 8 Wheat. 34; *Von Hoffman* v. *City of Quincy*, 4 Wall. 550; *Edwards* v. *Kersey*, 96 U. S. 595.) The order of the General Term is properly appealable to this court, and the appeal is properly placed on the motion calendar and heard as a motion. (*People ex rel.* v. *Common Council*, 78 N. Y. 61; *People* v. *Ludlow*, 103 id. 588.)

*William B. Putney* for respondent. The granting of a writ of mandamus is always in the sound discretion of the court, and it would be an abuse of discretion to order an issuance of the writ in this case. (*People* v. *Ferris*, 76 N. Y. 326; *People* v. *Campbell*, 72 id. 496; *Sage* v. *R. R. Co.*, 70 id. 220.) The order canceling and annulling the stipulation made by the landlord's attorney is practically a judgment between the parties interested as to their rights in relation to the dispossess proceedings, and is, therefore, conclusive of the question as to their respective rights. (*Leavitt* v. *Wolcott*, 95 N. Y. 212; *Parkhurst* v. *Berdell*, 110 id. 386.) The acts of the landlord in obtaining the said order on the affidavit of its attorney, and his statement made on the argument, constitute an estoppel *in pais*. (*City of Albany* v. *W. T. & R. R. Co.*, 108 N. Y. 14; *Tingue* v. *Port Chester*, 101 id. 294; *French* v. *Power*, 120 id. 128; *Chester* v. *Jumel*, 125 id. 237.) The writ of mandamus will not be granted unless the right to the writ be clearly established. (*People* v. *Bd. Suprs.*, 18 Abb. Pr. 8; *People* v. *Newton*, 112 N. Y. 403; *Northorst* v. *N. Y. C. & H. R. R. R. Co.*, 66 id. 609; *People* v. *Wendell*, 71 id. 171; *People* v. *Matsel*, 94 id. 179; *People* v. *Lacombe*, 99 id. 43; *People* v. *Davenport*, 91 id. 585.) The amendment to the Code applies to the dispossess proceeding in question in express terms and by the true construction thereof. (*Ryan* v. *Waule*, 63 N. Y. 157; *Dickenson* v. *Cook*, 61 Barb. 509.) There is no vested right to a particular remedy. (*Martin* v.

1893.] People ex rel. D. L. I. Co. *v.* Jeroloman. 17

N. Y. Rep.]     Opinion of the Court, per Peckham, J.

*Valentine,* 15 La. Ann. 150 ; *Collector* v. *Hubbard,* 12 Wall, 1 ; *People* v. *Suprs.,* 70 N. Y. 228 ; *Lennon* v. *Mayor, etc.,* 55 id. 361 ; *Berry* v. *Clary,* 77 Maine, 482 ; *Van Rensselaer* v. *Ball,* 19 N. Y. 400 ; *Martin* v. *Rector,* 118 id. 479 ; *Van Rensselaer* v. *Slingerland,* 26 id. 580 ; *York* v. *Texas,* 137 U. S. 20 ; Cooley's Const. Lim. 361 ; *Munn* v. *Illinois,* 94 U. S. 113 ; *Watson* v. *N. Y. C. & H. R. R. R. Co.,* 47 N. Y. 157.) The legislature has power to pass such a law affecting pending actions. (*People* v. *Turner,* 117 N. Y. 235 ; *Drehman* v. *Stifle,* 8 Wall. 603 ; *Baldwin* v. *Newark,* 38 N. J. L. 158 ; *Broaddus* v. *Broaddus,* 10 Bush. 299, 306 ; Wade on Retroactive Laws, § 211 ; *Morse* v. *Goold,* 11 N. Y. 281 ; *Conkey* v. *Hart,* 14 id. 29 ; *In re P. E. P. School,* 31 id. 585 ; *Rich* v. *Flanders,* 39 N. H. 304 ; *Augusta* v. *Bank of Augusta,* 49 Maine, 507 ; *Hancock* v. *Ritchie,* 11 Ind. 43 ; *Smith* v. *Van Gilder,* 26 Ark. 527 ; *L. C. Co.* v. *Barber,* 47 Kans. 29 ; *Ex parte McCardle,* 74 U. S. 506 ; *Patterson* v. *Philbrook,* 9 Mass. 151 ; *Pritchard* v. *S., etc., R. R. Co.,* 87 Ga. 294.)

Peckham, J.   A mandamus is only granted in the sound discretion of the court.   This discretion is not, of course, a capricious or arbitrary exercise of the power of the court to refuse relief even in a proper case.   Where, however, it appears that with reference to the very question at issue the conduct of the party applying for the writ has been such as to render it inequitable to grant him relief by mandamus, the court may, in the exercise of its discretion, refuse the writ.   (*People ex rel.* v. *Board of Assessors, etc., of Brooklyn,* 137 N. Y. 201, and cases cited.)

We think there are facts sufficient in this case to justify the court in refusing a mandamus as matter of discretion.   The relator gave a stipulation in order to have its appeal in the summary proceeding heard at an early moment.   That stipulation gave rights to and imposed obligations upon the landlord which did not before exist.   By reason of its execution the landlord obtained what it sought in the shape of an early determination of its appeal.   Having obtained a reversal of the order appealed from, the proceeding to remove the tenant

was again set down before the defendant as justice, and when it came up the amendment of 1893 to section 1310 of the Code of Civil Procedure was referred to by counsel for the tenant, and the defendant refused to proceed. The landlord then sought the aid of the court to relieve it from its stipulation, and in its moving papers assigned as a ground therefor that the amendment' in question had stayed the proceedings to remove, and its counsel urged the same reason on the argument of the motion. The court took the same view as the counsel and, therefore, vacated the stipulation. Having thus accomplished the *vacatur* of the stipulation upon the ground that the amendment applied to the case in hand, the landlord then and on the same day asked the Supreme Court for' a mandamus to compel the defendant to proceed with the trial of the summary proceedings on the ground that the amendment 'was not retroactive in its effect and that it did not, therefore, apply to the present proceeding.

We think the court below might well have refused the writ upon the ground that the landlord was not in a position to ask for a mandamus even though the court were of opinion the statute did not apply to proceedings pending when it was passed. Upon the assumption that it did apply, the landlord had got rid of what it regarded as a vexatious stipulation, and there is nothing inequitable in the court saying that the landlord shall not be thereafter heard when asking relief on the ground that the act did not apply.

The order of the General Term of the Supreme Court does not state upon what ground the decision is based, and the writ may have been refused as a matter of discretion. We do not look into the opinion for the grounds upon which the court proceeds in such cases. We could not review the exercise of discretion by the court below unless there were a clear abuse of it, which cannot be claimed here.

Without deciding whether the amendment in question did or did not apply to the proceedings then pending, we are of the opinion that the order must be affirmed, with costs, for the reasons above stated.

All concur.

Order affirmed.