[S. F. No. 963. In Bank.—October 9, 1897.]

## HULDA A. RUNDBERG, Petitioner, v. E. A. BELCHER, Judge, etc., Respondent.

MANDAMUS—INSUFFICIENT PETITION—SUBSTITUTION OF ATTORNEYS—NOTICE OF MOTION—PRESUMPTION.—A petition for a writ of mandate to compel a superior judge to make an order of substitution of attorneys in a cause pending before him, upon the application of the client after notice to the attorney of record, without his consent filed or entered upon the minutes, is insufficient to justify the issuance of the writ, where it does not state or show that written notice of the motion for the substitution was served upon the attorney of record at least five days before the hearing; and, as every intendment is in favor of the regularity and propriety of the order made, it must be presumed, where the contrary is not made to appear, that the court properly exercised its discretion to deny the motion for insufficiency of such notice.

ID.—WRIT, WHEN AND WHEN NOT ALLOWED—JUDICIAL DISCRETION.—While the writ of mandate will lie to compel judicial action, and in some instances even specific action, and is an appropriate remedy, in a proper case, to compel the substitution of attorneys, it may not be invoked to require a judicial officer to act in a particular way, unless it appears by necessary legal deduction from the facts stated that the aggrieved party has been denied a right which it was the plain legal duty of the officer to grant and without his proper discretion to refuse; and, as the requirement of an order of court substituting attorneys upon application of the client involves judicial action, the requirement of a notice as the basis of such order implies at the very least the exercise of sufficient discretion to determine whether the proper notice was given.

ID.—AVERMENT OF CONTINUANCES OF HEARING—APPEARANCE OF ATTORNEY NOT SHOWN.—An averment in the petition for the writ of mandate that the motion for the substitution of attorneys, "after several continuances, came on regularly for hearing," does not supply a defect in the petition in not showing sufficient notice of the hearing, where it is not alleged that the attorney of record appeared at any of the continuances or at the final hearing.

PETITION in the Supreme Court for writ of mandate to Honorable E. A. Belcher, Judge of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Allen & Allen, for Petitioner.

Edward Lande, and Frank J. Fallon, for Respondent.

VAN FLEET, J.—Application for mandate to require respondent, as judge of the superior court of the city and county of San Francisco, to make an order of substitution of attorneys in a cause pending before him.

The petition does not state facts authorizing the granting of the writ. The only material statements in the petition after the jurisdictional facts are, that on the twenty-fifth day of March, 1897, petitioner, desiring to change her attorneys in the cause pending in the superior court, employed other attorneys to represent her, "and upon her affidavit duly made and filed in said cause, in said superior court, and upon service of a notice of motion, with a copy of the above-mentioned affidavit attached thereto, duly served upon her former attorney, F. J. Fallon, Esquire, for a substitution of counsel for plaintiff in said cause; said motion, after several continuances, came on regularly for hearing on the fourteenth day of May, 1897, before defendant"; and that after a hearing the said motion was denied.

While mandate will lie to compel judicial action, and in some instances even specific action (*Wood v. Strother*, 76 Cal. 545, 9 Am. St. Rep. 249) and is an appropriate remedy in a proper case to obtain the relief here sought (*Downer v. Norton*, 16 Cal. 436), it may not be invoked to require a judicial officer to act in a particular way, except it appear by necessary legal deduction from the facts stated that the aggrieved party has been denied a right which it was the plain legal duty of the officer to grant, and without his proper discretion to refuse. (*Wood v. Strother*, *supra; Keller v. Hewitt*, 109 Cal. 146.) The petition does not disclose such a case. A substitution or change of attorney may be had under the statute in one of two modes: "1. Upon consent of both client and attorney filed with the clerk or entered upon the minutes; 2. Upon the order of the court upon the application of either client or attorney, after notice from one to the other." (Code Civ. Proc., sec. 285.) It is obviously under the second subdivision of this section that petitioner has sought to proceed in this instance. The requirement of an order of court involves judicial action, and the requirement of a notice

as the basis of such order necessarily implies at the very least the exercise of sufficient discretion to determine that the proper notice has been given. The notice must be in writing and contain a statement of the relief sought, and in this instance was required to be given at least five days before the hearing. (Code Civ. Proc., sec. 1005.) Irrespective of other objections to the sufficiency of the petition, it does not show that such a notice was given. It may be inferred, although it is not alleged, that the notice was in writing, but there is an entire want of any statement of its contents or that it was given for the time required by the statute. It does not appear upon what ground the substitution was denied; it may have been for the very reason that no sufficient notice was given. We have a right, and indeed it is our duty, to presume that such was the fact. Every intendment is in favor of the regularity and propriety of the order made, and, if there is any apparent ground upon which the motion could have been denied, in the exercise of a proper discretion, the writ will not lie. The statement that the motion, "after several continuances, came on regularly for hearing," does not help out the pleading in this respect, since it is not alleged that the opposite party appeared at any of those continuances or at the final hearing.

The writ is denied and the application dismissed.

Harrison, J., McFarland, J., Garoutte, J., and Temple, J., concurred.