[Sac. No. 1511. In Bank.—September 13, 1907.]

JOHN BASHORE, Petitioner, v. SUPERIOR COURT OF TULARE COUNTY, and W. B. WALLACE, Judge, Respondents.

PRACTICE—CONTINUANCE OF TRIAL — IMPOSITION OF TERMS — ACCEPTANCE.—Where an order granting a continuance of a trial is made at the request of a party, on the condition that he pay certain items of costs imposed by the court, the acceptance of the continuance under such conditions is in effect an agreement to pay the sums upon obtaining the desired postponement, and he cannot thereafter be heard to say that the imposition of a particular item was beyond the power or discretion of the court.

ID.—MANDAMUS TO SET CAUSE FOR TRIAL—DISCRETION.—Where a continuance of a trial was granted at the request of a party, on condition that he pay certain designated items of costs, but actual payment of such sums was not exacted at the time of the postponement, it is within the discretion of this court to refuse to issue a writ of mandate at the instance of such party to compel the trial court to set the cause for trial so long as such items remain unpaid.

APPLICATION for a Writ of Mandate directed to the Superior Court of the County of Tulare. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Charles G. Lamberson, and Frank Lamberson, for Petitioner.

E. O. Larkin, for Respondents.

CLII Cal.—1

SLOSS, J.—Application for a writ of mandate requiring the superior court of Tulare County and the judge thereof to set a case for trial. An alternative writ having been granted, an answer was filed, and the proceeding is submitted upon the stipulation that the allegations of the answer are true.

It appears that an action, commenced by John Bashore, the petitioner herein, against B. B. Parker and Farmers' Union and Milling Company, a corporation, was pending in the superior court of Tulare County, and was set for trial for the thirteenth day of February, 1906. A jury trial having been demanded by plaintiff, a venire of forty jurors was drawn for the trial of said cause, and twenty-nine of the jurors were in attendance on the day set for the trial. On that day the plaintiff moved for a continuance, filing in support of his application an affidavit which was clearly insufficient, under section 595 of the Code of Civil Procedure, as a showing requiring the court to grant the requested postponement. The judge of said superior court expressed his dissatisfaction with the showing made, and announced that he would order the trial of the case continued upon the conditions that plaintiff pay—1. Defendants' costs incurred in preparing for the trial; 2. The expense of summoning the jury; and 3. The expense of one day's fees for twelve jurors. The clerk thereupon entered in the minutes of the court an order reading in part as follows: "It is ordered that the trial . . . be postponed indefinitely, upon the following conditions: that said plaintiff pay to the clerk of this court the sum of $28.10, being the sheriff's fees for summoning the jury in this case; the sum of $24 for per diem of twelve jurymen, and the sum of $87.55, costs of defendants in preparing for trial. The plaintiff accepted said conditions, except as to the payment of the per diem of jurors, to which said plaintiff excepted." The court did not require the actual payment of these sums before discharging the jury and ordering the continuance.

The answer of the respondents contains certain allegations (admitted by the petitioner to be true), which are relied on as showing an express acceptance by the petitioner of all the conditions imposed by the court. For the purposes of this opinion, we shall assume that the acceptance was merely as shown by the minute entry,—i. e. of all the items, except as to the payment of the per diem of jurors.

The plaintiff paid the sum of $87.55, the costs of defendants in preparing for trial, but has never paid either of the other items directed to be paid by him,—viz. $28.10, sheriff's fees for summoning the jury, and $24, per diem of twelve jurymen. Upon plaintiff's moving the court to again set the action for trial, the court refused to do so on the ground of the failure to comply with the conditions upon which the continuance was granted. The purpose of this proceeding is to compel the superior court to set the case for trial, notwithstanding petitioner's failure to make payment of the items of $28.10 and $24.

The petitioner contends that these two items represent costs that he should not have been required to pay, and that, even if he was properly chargeable with them, the court, by granting the postponement without actually requiring payment at the time, had waived the conditions, or, at any rate, had lost the power to collect the amounts otherwise than by an execution. (Code Civ. Proc., sec. 1007.)

So far as concerns the item of $28.10, the sheriff's fees for summoning the jury, it is not open to petitioner on the record here presented to urge that the charge was not one that the court was authorized to impose. From the face of the order granting the continuance, it appears that the plaintiff accepted this condition as well as the one with which he has complied. Such acceptance was in effect an agreement to pay the sums upon obtaining the desired postponement. As to this item, he cannot, after agreeing that its payment be made a condition to the continuance, be heard to say that its imposition was beyond the power or discretion of the court.

And we think the other contention,—viz. that after the continuance had once been granted without the payment of the costs imposed, the duty to pay was waived or to be enforced in some way other than by refusing to set the case for trial, —if sustainable at all, should not, under the circumstances here disclosed, be carried to the extent of compelling the court by *mandamus* to hear plaintiff's case. The issuance of a writ of mandate lies to a considerable extent in the discretion of the court. (*Wiedwald* v. *Dodson,* 95 Cal. 450, [30 Pac. 580].) It will not issue where it will work injustice or produce confusion and disorder, or will operate harshly, or where it will not promote substantial justice. (*Board of Education* **v.** *Com-*

*mon Council,* 128 Cal. 369, [60 Pac. 976].) "A *mandamus* is only granted in the sound discretion of the court. This discretion is of course not a capricious or arbitrary exercise of the power of the court to refuse relief even in a proper case. Where, however, it appears that with reference to the very question at issue the conduct of the party applying for the writ has been such as to render it inequitable to grant him relief by *mandamus,* the court may in the exercise of this discretion refuse the writ." (*People* v. *Jeroloman,* 139 N. Y. 14, [34 N. E. 726].)

Here the issuance of the writ would not promote justice, but would operate to enable the petitioner to force a trial of his case at a time selected by him, while defying the court in its efforts to compel him to pay a sum which he had agreed to pay as a condition of its not being heard at an earlier time. A refusal of the writ will have no other effect than to compel the petitioner to pay what he had agreed to pay. It is eminently just and proper that he should do this. If the court at the time when plaintiff applied for the continuance had refused to grant it unless the required payments were then and there made, the plaintiff could not have obtained his continuance without meeting the conditions. Instead of exacting payment at the time, the court relied upon plaintiff's acceptance of the conditions and granted the continuance without enforcing immediate compliance. To issue the mandate sought by the petitioner would enable him to use the indulgence allowed him by the court as a means of escaping altogether his obligations voluntarily assumed.

Until the petitioner pays the item of $28.10, which he agreed to pay, he is not in a position to ask this court to compel the trial court to hear his cause. We are not here deciding that non-compliance with a condition not assented to by a party moving for a continuance would deprive such party of the right to compel the court to set his case for trial. It is needless, therefore, to discuss the effect of plaintiff's failure to pay the item of twenty-four dollars per diem for twelve jurors. It is enough, for the purposes of this proceeding, to say that this application does not commend itself to our discretion, made, as it is, by a plaintiff who, after agreeing to some of the conditions on which a continuance was granted, refuses to comply even with those to which he had assented.

The proceeding is dismissed.

Shaw, J., Lorigan, J., Henshaw, J., McFarland, J., and Beatty, C. J., concurred.