[Civ. No. 2539. Second Appellate District.—March 28, 1918.]

## ROBERT McNEELY, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

ACTION AGAINST JOINT TORT-FEASORS—SEPARATE JUDGMENT.—Where two joint tort-feasors are sued and one of them suffers default, a judgment may be taken against him and the action proceeded with against the other and a separate judgment rendered against him.

ID.—DEFAULT OF ONE DEFENDANT—RIGHT OF TRIAL BY APPEARING DEFENDANT—MANDAMUS.—Where in an action against two joint tort-feasors one of them suffers default, the court has a discretion under section 579 of the Code of Civil Procedure to determine whether a judgment should be rendered against such defendant in advance of a trial against the other defendant, but it has no discretion to refuse to proceed with the trial, as to the appearing defendant, and a writ of mandate will lie to compel the court to proceed with the trial.

APPLICATION for a Writ of Mandamus originally made to the District Court of Appeal for the Second Appellate District to compel the Superior Court to proceed with the trial of an action.

The facts are stated in the opinion of the court.

W. A. Alderson, for Petitioner.

G. F. McCulloch, for Respondent.

WORKS, J., *pro tem.*—This proceeding concerns a certain action in which the petitioner, as plaintiff, sued one Connell and one Hill for damages as joint tort-feasors. Hill appeared in the action and made answer to the complaint, but the default of Connell was taken; whereupon the petitioner elected to proceed against the latter under the default and judgment in the sum of one thousand five hundred dollars was entered against him. Connell then came forward and presented a motion to set aside the default and the motion was granted. The petitioner appealed from the order thus made and the appeal is now pending. The action was set down for trial against Hill, but, at the time set, the respondent refused to proceed with the hearing. The petitioner then filed in this court his application for a writ of mandate requiring the respondent to try the action as to Hill and an alternative writ was issued.

It is contended that the petitioner is entitled to the writ under the terms of section 579 of the Code of Civil Procedure, which reads: "In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper." The respondent contends, however, that, in an action against several joint tort-feasors, a several judgment is not proper, and cites *McCool* v. *Mahoney*, 54 Cal. 491, and *Marriott* v. *Williams*, 152 Cal. 705, 711, [93 Pac. 875]. These cases decide that where an action is tried against joint tort-feasors, only one judgment may be pronounced against them all; but a later case has announced the rule that where, as in the action now in question, two joint tort-feasors are sued and one of them suffers default, then a judgment may be taken against him and the action be proceeded with against the other and a separate judgment be rendered against him. (*Cole* v. *Roebling Construction Co.*, 156 Cal. 443, [105 Pac. 255].)

It is insisted that, after judgment had been rendered against Connell, it was left to the discretion of the respondent to determine whether a trial should proceed as to Hill,

and the well-known rule is invoked that the writ of mandate will not run to control judicial discretion. Under section 579 the court did have a discretion to determine whether a judgment should be rendered against Connell in advance of a trial against Hill. Further than that there was no discretion reposed in the court. Under the latter part of the section the petitioner has the right to press the action for trial and it is the duty of the respondent to try it.

A peremptory writ of mandate will issue as prayed for.

Conrey, P. J., and James, J., concurred.