[Civ. No. 7020. Second Appellate District, Division One.—March 1, 1930.]

BEARDSLEY LAND AND INVESTMENT COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Patterson, Bailey & Montgomery for Petitioner.

Louis Lombardi and John M. Hall for Respondents.

CONREY, P. J.—There is now pending in respondent court an action entitled "Ralph Pleasant, Plaintiff, v. Beardsley Land and Investment Company, Defendant." The company is an Arizona corporation. From the complaint in that action it appears that plaintiff's assignor, one Carl Pleasant, had entered into sundry contracts and business relations with the corporation, and also that he was indebted to various creditors in sums which in the aggregate amounted to a sum in excess of $75,000; that on the seventeenth day of May, 1928, by an agreement in writing between the corporation and Carl Pleasant, the corporation assumed and agreed to pay this outstanding indebtedness of Carl Pleasant; that the corporation failed and refused to pay any part of said indebtedness save and except the sum of $5,000 and the sum of $500, which it did pay upon account of two of said claims of creditors; that after breach of the contract by the corporation, Carl Pleasant sold and assigned to the plaintiff his claim against the corporation arising out of said breach of contract. The complaint asks for judgment against the corporation in a sum in excess of $69,000.

Upon instituting said action, the plaintiff therein obtained a writ of attachment, directed to the sheriff of Los Angeles County, and under said writ the sheriff by garnishment process attached certain moneys in the hands of the United States National Bank at Los Angeles, as property of defend-

ant corporation. Thereupon the corporation, appearing specially for the purposes of the motion (*Willett & Burr* v. *Alpert,* 181 Cal. 652, 663 [185 Pac. 976]), made its motion to discharge the writ of attachment, which motion was denied. Thereupon this proceeding was commenced wherein the corporation applied for the writ of mandate. The answer filed by respondent does not raise any issues of fact which require particular attention. Substantially the facts are those set forth in the petition and in the exhibits which are made part thereof.

█ "Where a trial court is vested with discretion in the exercise of its judicial power, the exercise of such discretion will not be controlled by mandate except in case of palpable abuse. (*Realty etc. Co.* v. *Superior Court,* 165 Cal. 543 [132 Pac. 1048].)" (*Los Angeles A. T. Co.* v. *Superior Court,* 94 Cal. App. 433, 441 [271 Pac. 363, 366].) A pertinent case illustrating the use of the writ of mandate to compel the discharge of an attachment is seen in *Alexander* v. *Superior Court,* 91 Cal. App. 312 [266 Pac. 993, 994], where it was made to appear that the so-called undertaking used to obtain the writ of attachment was a void instrument. The pretended sureties on the undertaking were themselves plaintiffs in the action and therefore were not qualified to be sureties on the undertaking. It was held that the void character of the writ was so clearly apparent that the exercise of judicial discretion was not involved in the matter and it was the duty of the court to discharge the attachment. The rule was affirmed, that "where the discretion ceases and the duty becomes absolute, the writ will lie." Or, as said in *Pacific Palisades Assn.* v. *City of Huntington Beach,* 196 Cal. 211, 222 [40 A. L. R. 782, 237 Pac. 538, 542], "where the discretion ceases, and the act to be done is purely ministerial, the duty becomes absolute, and can be compelled through the application of the writ."

In the argument of counsel for petitioner herein they rely upon five separately stated propositions. These are: That the cause of action alleged is not a basis for an attachment; that the amount claimed is excessive and not supported by the contract upon which the action is based; that the bond for attachment is fatally defective; that the plaintiff, an assignee under a personal contract not assignable, can-

not sue; that the contract, not made or payable in California, does not support the attachment.

We will first discuss the point that the bond for attachment is fatally defective. It is pointed out that the bond recites the commencement of an action "against the above-named defendant on a contract for the direct payment of money," whereas, the affidavit for attachment omits the words "for the direct payment of money." It is further claimed that the amended complaint is specifically not for the direct payment of money, but is for payment to third parties who are not parties to the action. From an inspection of the record it is evident that the attachment was sought under the provisions of section 537, subdivision 2, of the Code of Civil Procedure, which authorizes an attachment, "In an action upon a contract, express or implied, against a defendant not residing in this state." In such a case it is necessary (sec. 538, Code Civ. Proc.) that the affidavit for attachment show, among other things, the facts specified in section 537 which entitle the plaintiff to the writ. It appears in this case that the affidavit was in conformity with the statute, and that the recitals of the undertaking were in conformity with the statute. The fact that the undertaking in its recitals referred to the contract as one for the direct payment of money did not, in our opinion, render the undertaking void, although such recital was not necessary in the instant case.

Concerning the other points above stated, and which are argued at length in the briefs, we think that it is not necessary for this court in this proceeding to determine whether or not the court below, in passing upon the motion to discharge the attachment, erred in deciding those points against the contentions of petitioner. The duty of the court to discharge the attachment, if such duty existed at all, was not related to "the performance of an act which the law specially enjoins," according to the meaning of those words as contained in section 1085 of the Code of Civil Procedure. (*People* v. *Pratt,* 28 Cal. 166 [87 Am. Dec. 110]; *People* v. *Superior Court,* 144 Cal. 466 [46 Pac. 383]; *First Nat. Bank* v. *Superior Court,* 71 Cal. App. 64, 71 [234 Pac. 420].) The decision in *Anderson* v. *Superior Court,* 187 Cal. 95 [200 Pac. 963], does not destroy the effect of the earlier decisions in their application to a proceeding like

that now before us. The cases in which *mandamus* lies, to compel a particular act by a court in relation to an action, are exceptional. Usually they involve some question relating to the extent or the limitations of jurisdiction, or the refusal of the court to perform some specific and clearly indicated duty.

The alleged cause of action shown in the present case arose out of a contract which covered the subject matter of many transactions and which included the alleged agreement of the company to pay various items of outstanding indebtedness of Carl Pleasant. In its interpretation of the contract and of the complaint of the plaintiff, the court was called upon to determine whether or not the cause of action alleged (admittedly a claim based upon a contract), was a proper basis for attachment, and whether or not the amount claimed was excessive and not supported by the contract, and whether or not the contract or the rights arising thereunder were assignable, and whether or not the contract was sufficient to support the attachment. In arriving at its decision on those questions for the purposes of the then pending motion, the court was dealing with disputable propositions affecting the merits of the case and was acting judicially with respect to those matters and questions. If in so acting the court committed error, such error is not one to be corrected by *mandamus* proceedings.

The alternative writ is discharged and the application for peremptory writ is denied.

Houser, J., and York, J., concurred.