[Civ. No. 6961.   Third Dist.   July 21, 1943.]

JENNIE A. McARTHUR, Petitioner, v. HONORABLE H. S. SHAFFER, JUDGE OF THE SUPERIOR COURT, etc., et al., Respondents.

Courtney L. Moore for Petitioner.

Dean S. Lesher and Loraine B. Rogers for Respondents.

ADAMS, P. J.—Petitioner herein seeks the issuance of a writ of mandate to compel respondent superior court to order a severance as to her, and to set down for immediate trial the issues created between her and the East Coalinga Oil Field Corporation, a corporation, in an action brought by the latter against petitioner and others to determine the ownership of the capital stock of said corporation.

The petition alleges the commencement of the aforesaid action on May 28, 1940; that plaintiff corporation alleged therein that certain named persons, made defendants in the case, were the owners of the five shares of plaintiff's capital stock issued and outstanding, that certain others named as defendants, including petitioner, claimed some right, title or interest in said five shares, but that their claims were without right; that plaintiff prayed therein that defendants be required to set forth the nature of their several claims, and that the court determine the ownership of said five shares of stock; that petitioner appeared in said action and filed an amended answer on March 10, 1941, claiming to be the owner of one-half share of said stock which she had acquired by assignment from one Ira L. Goodrich on February 3, 1925; and that, as to her, said cause is, and has been since March 10, 1941, at issue and ready for trial.

It is further alleged by petitioner that said corporation is under the domination and control of C. Ray Robinson, named as one of the defendants in said action, and that said C. Ray Robinson owns a majority of the stock, is president of said corporation and one of its attorneys; that said defendant Robinson demurred to the complaint of the corporation, and, his demurrer having been overruled on June 10, 1940, he was granted twenty days to answer, but that no notice of the overruling of his said demurrer was given said defendant until petitioner herself gave such notice on August 14, 1942, at which time she also gave notice to the corporation of her intention to move for a separate trial, said notice being supported by her affidavit setting forth the source of her title to a one-half interest in one share of stock, and alleging that defendant C. Ray Robinson claimed the one share which had formerly belonged to Ira L. Goodrich, and that she had no dispute with any of the defendants other than said C. Ray Robinson; that when her said motion came on for hearing on August 24, 1942, said C. Ray Robinson had been inducted into the military service, but that he and the corporation appeared in opposition to said motion on the ground that the said C. Ray Robinson desired to file an answer and a cross-complaint; that petitioner's motion for a separate trial was denied, and said defendant C. Ray Robinson was granted permission to file his answer and cross-complaint, which he did, alleging therein that petitioner had no interest in any of the stock of the corporation, and that he was the owner of

four shares thereof; that on September 3, 1942, petitioner answered the said cross-complaint, and on January 18, 1943, again served and filed a notice of motion for a severance and a separate trial, supported by an affidavit of her attorney and a disclaimer by petitioner of any interest in the stock of said corporation except the one-half share transferred to her by Goodrich; that in reply to her motion for severance said C. Ray Robinson gave written notice of motion to abate the trial so long as said C. Ray Robinson remained in the military service of the United States; that the latter's notice of motion was accompanied by an affidavit of C. Ray Robinson alleging that he was on active duty with the Pacific Fleet, and stationed outside the continental limits of the United States, that he was unable to be present at the trial of the said action or any proceedings in connection therewith, and that his presence was vitally necessary and essential to such trial or proceedings, that his notice of motion was also supported by an affidavit of one of his office associates to the same effect; that in reply thereto petitioner filed an affidavit by her attorney, asserting therein that petitioner had a separate and distinct claim against the corporation, and requesting that the case proceed so far as said corporation and petitioner were concerned, also asserting that the trial of the action had been deliberately delayed by C. Ray Robinson; that on January 27, 1943, the trial court entered an order abating the proceedings submitted to it on January 25th, and denied the motion of petitioner to proceed.

It is here contended that the trial court erred in so ruling; that the corporation has no right to have the action stayed, that petitioner asked a trial only of issues between the corporation and herself, and did not request that it proceed to a determination of any dispute with C. Ray Robinson, that the two disputes are legally distinct and separate and that the mere fact that defendant Robinson is a majority stockholder and president of the corporation does not entitle him or the corporation to the benefits of the Soldiers' and Sailors' Civil Relief Act; and that the trial court has abused its discretion in its rulings aforesaid.

Preliminarily we note that petitioner alleges that her claim of title to one-half interest in a share of the capital stock of said corporation arises out of an assignment of same to her on February 3, 1925, and that it does not appear that at any time prior to the filing of suit by the corporation she had ever

taken any action in regard to same, or that she was suffering or would suffer any injury or any change in her status in regard to said stock if a determination of the issues created by the action of the corporation and the cross-action filed by defendant C. Ray Robinson were longer deferred; also that even if the issues between the corporation and petitioner were determined there would still remain for determination the issues between petitioner and cross-complainant Robinson.

Whether separate actions shall be consolidated for trial or whether there shall be a severance and separate trials of issues in a single action is matter within the discretion of the trial court. (Sec. 1048, Code Civ. Proc.; 24 Cal.Jur. 720, sec. 5; 38 C.J. 631; 26 R.C.L. 1011; *Caldwell* v. *Regents of University*, 35 Cal.App. 639, 640 [170 P. 666]; *Seidell* v. *Tuxedo Land Co.*, 1 Cal.App.2d 406, 409 [36 P.2d 1102]; *Hill* v. *Peres*, 136 Cal.App. 132, 143 [28 P.2d 946]; *Osmak* v. *American Car & Foundry Co.*, 328 Mo. 159 [40 S.W.2d 714, 719, 77 A.L.R. 722]; *Cleveland* v. *Laclede-Christy etc. Co.*, (Mo.App.) 113 S.W.2d 1065, 1070.) And a trial court's discretion in this as in other discretionary matters will not be interfered with either on appeal or by writ of mandate except when there has been a manifest abuse of such discretion. (*Hays* v. *Superior Court*, 16 Cal.2d 260 [105 P.2d 975]; *Rundberg* v. *Belcher*, 118 Cal. 589, 590 [50 P. 670]; *California C. C. Corporation* v. *Superior Court*, 127 Cal.App. 472, 476 [15 P.2d 1108]; *Bashore* v. *Superior Court*, 152 Cal. 1, 3 [91 P. 801]; *Beardsley Land etc. Co.* v. *Superior Court*, 104 Cal.App. 255, 257 [285 P. 908].)

Petitioner relies upon *Caldwell* v. *Regents of University*, 35 Cal.App. 639 [170 P. 666], and *Judson* v. *Malloy*, 40 Cal. 299. In the former case, on appeal the court sustained the action of the trial court in refusing a continuance of the action under the circumstances of the case; but it there said that "It is a matter of discretion on the part of the trial court to grant separate trials as beween the plaintiff and separate defendants, which discretion will not be interfered with on appeal except in the case of abuse which is not made manifest here." We find nothing in the Judson case that compels a conclusion that the trial court erred in the instant case in denying a severance. While it was there said that had the defendants moved for separate trials it would have been the duty of the court to so order, the facts of that case are entirely

different from those presented herein, and that was not a mandamus proceeding. We cannot say from the allegations of the petition herein that the trial court abused its discretion in denying the severance and the separate trial requested by petitioner.

The remaining question is whether the trial court abused its discretion in granting the motion of defendant Robinson to abate the whole proceeding so long as he remained in the military service of the United States. The Soldiers' and Sailors' Civil Relief Act of 1940 provides in section 521 (54 Stat. 1181):

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

This statute was enacted in the interests of those in the naval and military service of the United States; and while under its provision courts may, in the exercise of their discretion, refuse to stay proceedings, they are obligated not to do so unless they are of the opinion that the interests of the person in the military or naval service will not be materially affected by a refusal.

In a recent case the United States Supreme Court said that the judicial discretion conferred on trial courts by the Soldiers' and Sailors' Civil Relief Act is the very heart of the policy of the act; that "The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial." (*Boone* v. *Lightner*, 318 U.S. 750 [63 S.Ct. 1223, 87 L.Ed. ——].)

In *Royster* v. *Lederle*, 128 F.2d 197, the court said that the act is to be liberally construed to effectuate its purpose. There a writ of mandamus was sought to compel the trial court to set aside an order of continuance which it had made in the exercise of its discretion under the provisions of the

act; but the issuance of the writ was denied, the court saying that it could not say, *as a matter of law*, that defendant's rights would not be affected by proceeding to trial during his absence in the armed service of the United States. Also in *State* v. *McCabe*, 140 Ohio St. 535 [45 N.E.2d 763], mandamus was sought to compel vacation of an order of a lower court which had granted a continuance of an action against a soldier on foreign duty with the Canadian army. The Soldiers' and Sailors' Act did not apply to him, but the court said that independently of statute courts have power to grant continuances, that granting or refusing same is within a court's sound discretion, and that an appellate court will not interfere with such exercise of discretion unless the action of the lower court is plainly erroneous and constitutes a clear abuse of discretion.

Petitioner cites several cases wherein denials of requests for continuances under the provisions of the Soldiers' and Sailors' Civil Relief Act have been sustained by appellate courts; but such decisions only confirm the rule applied herein that the discretion of a trial court will not be interfered with on appeal, unless an abuse of discretion is made to appear.

As we cannot say that in this case the trial court abused its discretion, the writ of mandamus is denied and the alternative writ hereinbefore issued is discharged.

Peek, J., and Thompson, J., concurred.