[Civ. No. 14089. Second Dist., Div. Two. Oct. 14, 1943.]

HERBERT L. HAHN et al., Respondents, v. FRED L. WALTER, Appellant.

Irving E. Read for Appellant.

Chas. F. Hutchins, Jr., and Stanley L. Hahn for Respondents.

MOORE, P. J.—The question for decision is whether the court committed prejudicial error in awarding judgment to respondents upon the promissory note of appellant and, at the same time, including in the judgment a portion of the amount due on another note guaranteed by appellant in a contract of guaranty executed contemporaneously by appellant, respondents and other parties. The appeal is based upon the contentions (1) that the court arbitrarily refused to delay the trial until service might be made of appellant's cross-complaint upon all of the eight signatories to the guaranty agreement, and (2) that the court refused to order a transfer to the superior court of an action pending in the justice court brought by Henry D. Lyman, one of the guarantors against appellant and his wife.

On May 1, 1938, respondents received three promissory notes in the sums indicated and from the following parties, to wit: (1) H. D. Lyman, $2,130; (2) Fred L. Walter and Pearle Walter, $3,199.77; (3) Harrison Baker (and co-makers), $3,129.08; all payable three years after date. Contemporaneously therewith the Walters and the Baker group delivered to Lyman their notes for $461.88, and $499.54 respectively, and the Bakers delivered to Walter their note for $499.54. The notes all contain the customary provisions for interest, for acceleration in event of nonpayment upon failure to pay an installment of interest, and for attorneys' fees. However, each note contains a clause reciting that it is subject to the provisions of a guaranty agreement of even date by the same parties.

The guaranty agreement contained two separate guaranties: (1) a primary guaranty and (2) a secondary guaranty. By the former, appellant and Lyman each guaranteed the payment of one-fourth of the Baker note. By the secondary guaranty appellant guaranteed the payment of one-third of the Lyman guaranty, that is to say, one-third of one-fourth of the Baker note. The Baker note was not paid. Neither did Lyman pay the amount of his guaranty thereof. Excepting certain set-offs the action went to trial with appellant indebted on his own note, on his one-fourth guaranty of the Baker note, and one-twelfth of the same note by reason of Lyman's failure to pay his one-fourth of the Baker note. But respondents' debt to appellant by reason of their guaranty of the Baker note was two-thirds of the $499.54, which respondent, by the secondary guaranty agreed to pay. Although

the defense introduced no evidence at the trial, respondents conceded to appellant the uncollectibility of the Baker note as well as of Lyman's guaranty, and agreed to credit appellant's debt to respondents with two-thirds of the amount due from Baker to Walter, and in addition thereto two-thirds of the Lyman guaranty on the Baker note in favor of appellant. Pursuant to the evidence introduced by respondents and to the credits conceded in favor of appellant judgment was entered in the amount of appellant's note to respondents plus appellant's guaranty on the Baker note plus appellant's secondary guaranty of one-twelfth of the Baker note less the sums guaranteed by respondents as above recited. Appellant offered no proof, but objected to the court's proceeding with the trial of the action on the ground that he had filed a cross-complaint making all of the signatories to the guaranty agreement cross-defendants, and insisted that the judgment would not be adequate relief unless all of the parties to the guaranty agreement should appear and particularly unless the court should require the transfer to itself of the justice court action brought by Lyman against appellant and his wife.

The court exercised a reasonable discretion in proceeding with the trial. So far as this action is concerned appellant and respondents were the only necessary parties. To the extent that the guaranty agreement affected the obligation of appellant he was the only necessary party defendant to the action. While under sections 379 et seq. of the Code of Civil Procedure respondents might have made the signatories to the guaranty agreement defendants in the action, they did not for that reason become necessary parties. Unless other unnamed persons are concerned with and are necessary to a determination of the issues as joined between the parties to the action such others are not necessary to a correct determination of the case. Whether under the circumstances here presented the court might allow separate trials between the obligees and the several obligors was a matter of discretion. (*Caldwell* v. *Regents of University of California*, 35 Cal.App. 639 [170 P. 666].) None of the other guarantors were concerned with appellant's payment of his debt to respondents. Their only interest was in his nonpayment. The only agreements between respondents and appellant with respect to the latter's obligations are those contained in the promissory note and in the guaranty agreement. Judgment was awarded on

the basis that Lyman would default on his obligations, and by reason thereof respondents credited to appellant the amounts that would be required of Lyman although the latter was declared by appellant in his cross-complaint to be solvent.

The rights and obligations of each signatory to the guaranty agreement are declared in simple language and could furnish no occasion for a resort to parol evidence to prove the meaning of the terms of the instrument. Each party guaranteed the payment of a fraction of the principal and interest of any note that should be in default. Under the several notes made in favor of respondents as well as the notes made by appellant and Baker in favor of Lyman and those by Baker in favor of appellant each party had three obligations: (1) the payment of his own note; (2) the payment of a fraction of the debt of any defaulting payor; and (3) the obligation to pay a lesser fraction of any sum not paid by his co-guarantors.

The action in the justice court by Lyman against the Walters was a separate action the presence of which in the superior court could not on any hypothesis affect appellant's debt to respondents. It was based upon the promissory note executed by appellant in favor of Lyman. Respondents' obligation thereon, as shown above, was duly credited to appellant in the judgment of the superior court now before us.

Appellant's assignment that he was rushed into a trial of the cause comes with poor grace. He filed his cross-complaint on October 2nd and the case was not tried until twenty days later. Had he deemed the presence of his cross-defendants necessary to a proper determination of the action he had ample time within which to bring them into court by service of summons or to gain the benefit of their testimony by subpoena. They all resided in Pasadena where the case was tried. In support of his contention that the court committed prejudicial error in trying the case without service on, or the appearance of, his cross-defendants, appellant has cited a number of authorities (*Zirker* v. *Hughes,* 77 Cal. 235 [19 P. 423]; *Abbott* v. *'76 Land & Water Co.,* 161 Cal. 42, 43 [118 P. 425]; *Greenlee* v. *Los Angeles Trust & Savings Bank,* 171 Cal. 371 [153 P. 383]; *Lewis* v. *Hayes,* 177 Cal. 587 [171 P. 293]; *McPherson* v. *Parker,* 30 Cal. 455, 456 [89 Am.Dec. 129]; *O'Connor* v. *Irvine,* 74 Cal. 435 [16 P. 236]; *Solomon* v. *Redona,* 52 Cal.App. 300 [198 P. 643]) involving split demands, partnerships, accounting, titles, or other causes in equity necessitating the appearance of other unnamed though

interested parties. Section 389 of the Code of Civil Procedure is not apropos. It applies "when a complete determination of a controversy cannot be had without the presence of other parties." Only then must the court order such parties to be brought in.

The judgment is affirmed.

Wood (W. J.), J., and McComb., J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 6, 1943. Carter, J., and Schauer, J., voted for a hearing.