[Civ. No. 18883.   Second Dist., Div. Three.   May 5, 1952.]

MARTHA W. ELLSWORTH, Appellant, v. UNITED STATES METALS CORPORATION (a Corporation), Respondent.

728

John J. McMahon for Appellant.

Earl Glen Whitehead for Respondent.

VALLÉE, J.—Appeal by plaintiff from an order of dismissal as to defendant United States Metals Corporation for failure to bring the action to trial within five years after the complaint was filed. (Code Civ. Proc., § 583.)

The action is to quiet title to mining claims. The complaint was filed August 28, 1945. Plaintiff named two defendants, United States Metals Corporation and O. K. Gilliam. The corporation was served with the summons and complaint and on September 11, 1945, filed an answer. Gilliam has not been served. Not having been brought to trial, the action was dismissed as to the corporation on October 4, 1951. No stipulation was filed extending the time within which to bring the action to trial; nor was it shown that the corporation had been absent from the state or concealed therein, or its whereabouts unknown to plaintiff and not discoverable to her upon due diligence.

▮ The provision for dismissal after the lapse of the statutory time is mandatory (*Douglas* v. *Superior Court*, 94 Cal.App.2d 395, 398 [210 P.2d 853]) unless the plaintiff brings the case within one of the exceptions named in section 583 or within one of the implied exceptions engrafted on the statute by the decisions.[1]

---

[1]Implied exceptions are: where it is impracticable and futile to bring the action to trial because of another action pending which is a bar to prosecution of the action sought to be dismissed (*Rose* v. *Knapp*, 38 Cal.2d 114 [237 P.2d 981]); where it is impracticable to bring the action to trial because of a statutory reference (*City of Pasadena* v.

.The motion for dismissal was determined in the trial court upon the record in this action, the record in another action between the same parties which is not part of the record on appeal, and voluminous conflicting affidavits. The conflict has to do with the efforts made by plaintiff to locate Gilliam in order to serve him with the summons and complaint, and with whether Gilliam had any interest in the property at the time the action was commenced. These questions have no bearing on whether the court should have dismissed the action. The case does not come within any of the express or implied exceptions. ▮▮▮ The sole question necessary for us to determine is whether plaintiff has established that the record before the trial court on the motion to dismiss was insufficient as a matter of law to sustain its implied finding that plaintiff could have brought the action to trial as against the corporation without the presence . of Gilliam. (*Pacific Greyhound Lines* v. *Superior Court*, 28 Cal.2d 61, 65 [168 P.2d 66].)

There is no factual showing that plaintiff could not have brought the action to trial as against the corporation and have quieted her alleged title as against it without the presence of Gilliam. The only reference to the question in the affidavits is the conclusion that ''plaintiff cannot safely proceed to trial without service of summons and complaint first. being made on him.''

The complaint as against each defendant is several. It

*City of Alhambra*, 33 Cal.2d 908, 916-917 [207 P.2d 17]); where one defendant was in military service, a stay could have been granted, and his presence was necessary to properly prosecute the action (*Pacific Greyhound Lines* v. *Superior Court*, 28 Cal.2d 61 [168 P.2d 66]); where an appeal was pending from an order granting a change of venue (*Christin* v. *Superior Court*, 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]); where time is consumed by an appeal during which the jurisdiction of the trial court is suspended (*Kinard* v. *Jordan*, 175 Cal. 13 [164 P. 894]); where it would have been impracticable to bring the action to trial because the defendant absented himself from the state, it did not appear that he had any property in the state, and service of summons by publication would have been an idle act (*Ojeda* v. *Municipal Court*, 73 Cal.App.2d 226 [166 P.2d 49], *Carmichael* v. *Superior Court*, 55 Cal. App.2d 406 [130 P.2d 725]); where for all practical purposes going to trial was impossible because coplaintiffs had an appeal pending and the trial could not proceed separately as to the nonappealing plaintiffs (*Westphal* v. *Westphal*, 61 Cal.App.2d 544 [143 P.2d 405]); where contestants in a will contest were induced by fraud to consent to a dismissal of their contest, later had the dismissal vacated, time between the dismissal and reinstatement of the contest was excluded because during the interim the court had no power to proceed (*Estate of Morrison*, 125 Cal.App. 504, 509-512 [14 P.2d 102]).

alleges title in plaintiff and that each defendant claims a separate, not a joint, adverse interest. It does not appear that defendants have any unity of interest or claim. Independent relief is sought against each. Plaintiff could have sued the corporation alone or have brought separate actions against the corporation and Gilliam. No reason appears from the face of the complaint or from the answer of the corporation why plaintiff could not have brought the action to trial as against the corporation. In *Rauer* v. *Hertweck,* 175 Cal. 278, 283-284 [165 P. 946], it was held that in a quiet title action against two defendants a separate judgment could be rendered against one of them. Gilliam was not concerned with, nor a necessary party to, a determination of the issue of title as joined between plaintiff and the corporation. (See *Bell* v. *Adams,* 150 Cal. 772, 774 [90 P. 118]; *Cole* v. *Roebling Construction Co.,* 156 Cal. 443, 447-449 [105 P. 255]; *Bell* v. *Staacke,* 159 Cal. 193, 195-196 [115 P. 221]; *Rocca* v. *Steinmetz,* 189 Cal. 426 [208 P. 964]; *Trans-Pacific T. Co.* v. *Patsy F. & R. Co.,* 189 Cal. 509, 513 [209 P. 357]; *McNeely* v. *Superior Court,* 36 Cal.App. 602 [173 P. 102]; *Corbin* v. *Howard,* 61 Cal.App. 715, 718 [215 P. 920]; *Huntoon* v. *Southern T. & C. Bank,* 107 Cal.App. 121, 130-131 [290 P. 86].)

■ The general rule is that in a civil action against two or more defendants the trial court has discretion to order separate trials as between the plaintiff and separate defendants. (*Caldwell* v. *Regents of University of Calif.,* 35 Cal. App. 639 [170 P. 666], an action to quiet title; *McArthur* v. *Shaffer,* 59 Cal.App.2d 724, 727 [139 P.2d 959]; *Hahn* v. *Walter,* 60 Cal.App.2d 837, 839 [141 P.2d 925]; 64 C.J. 37, § 8.) ''In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper.'' (Code Civ. Proc., § 579.) Even when the action is against two or more defendants jointly liable on a contract, and the summons is served on one or more of them but not all of them, the plaintiff may proceed against the defendants served in the same manner as if they were the only defendants. (Code Civ. Proc., § 414.)

A notice of the pendency of this action was recorded in Mono County where the mining claims are located. ■ Pendency of the action constitutes a cloud on the title of the corporation. To hold that it is bound to wait until plaintiff effects service on Gilliam is wholly unreasonable and finds

no warrant in any provision of law. The court properly held that there was no justification for not bringing the action to trial as against the corporation within the statutory period.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 26, 1952.